## Foringer *v.* Sisson.

*Statute of limitations—Sufficiency of acknowledgment to toll statute.*

The rule undoubtedly is that, to toll the running of the statute, the acknowledgment must not only be clear, distinct and unequivocal of the existence of a debt, but that it must plainly be referable to the very debt upon which the action is based.    It matters not where the uncertainty lies, whether in the acknowledgment or in the identification, its existence is equally fatal to the plaintiff's recovery.

Any language inconsistent with a present intention to pay the debt is inconsistent with the theory of a new promise operating to toll the statute.

*Evidence—Party dead—Administrator as witness.*

The administrator of a deceased defendant who as such is a party to the record is not an incompetent witness and the fact that he acted as the attorney of defendant does not make him incompetent when the testimony he proposed to give did not consist of confidential communications made to him by his client.

Argued May 23, 1900.    Appeal, No. 235, April T., 1900, by defendant, in suit of H. H. Foringer, against A. E. Sisson, administrator of the estate of Rose Brown, otherwise Rose Randall, deceased, from judgment of C. P. Erie Co., May T., 1898,

No. 203, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Assumpsit. Before LINDSEY, P. J., of the 37th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

At the trial the trial judge excluded evidence offered on behalf of the defendant, the offer and rulings thereon being as follows:

[Defendant's counsel offers to prove by the witness that at the time that Mrs. Brown paid Dr. Foringer the $50.00, that it was in full satisfaction of the entire claim which Dr. Foringer had against her, with notice to Dr. Foringer that she would pay no more; that it was not as a payment on account.

Objected to as incompetent and irrevelant and that the witness is incompetent to testify, he being the defendant in the case, representing a deceased person and testifying to something that occurred in the lifetime of Mrs. Brown, he being attorney for Mrs. Brown, and that it cannot be given in evidence when Dr. Foringer's mouth is closed.

The Court: I think the objection is well taken. They called a disinterested witness to testify to the instructions given by Mrs. Brown in her lifetime, and that person was competent. But Mr. Sisson is on the record, as a party here, and I do not see how he can give testimony in the case.

Offered to ask him in regard to the statements made by Mr. Benson as to what Mr. Sisson told Mr. Benson, for the purpose of contradicting the statements made by Mr. Benson.

The Court: The law excludes him entirely, as a witness. Mrs. Brown is dead and that closes the mouth of the opposite party. Now they call a witness to prove declarations of Mrs. Brown and declarations made by her ·attorney at the time as against Mrs. Brown. That they have a right to do; they call a disinterested witness. Now while Mrs. Brown's death closes the mouth of the opposite party it certainly would be very novel if her attorney, who was present at the time, could give evidence and the opposite party not give evidence; not the fact that you are the administrator on the record, but the fact that you were the very party who participated in those instructions

in behalf of Mrs. Brown. When her death closed the mouth of the opposite party it also closed the mouth of her attorney as to the transaction which occurred at that time.

Counsel for defendant claims that as the plaintiff has opened the door by having Mr. Benson testify, that this testimony offered is competent.

The Court: I exclude it on the ground that you are the attorney of Mrs. Brown, and her death prevents the other party from giving testimony, and therefore Mr. Sisson, her attorney, is not a competent witness.

Counsel for defendant renews the offer of Mr. Sisson to contradict the testimony of Paul A. Benson, as to what took place between Mrs. Brown, Mr. Benson and Mr. Sisson, in connection with the payment of the $50.00 to Dr. Foringer, testified to by Mr. Benson.

Objected to as before.

The offer showing that the witness is offered for the purpose of contradicting the plaintiff's witness, Mr. Benson, in relation to what occurred between Mrs. Brown and the witness himself, as attorney for Mrs. Brown, the objection is sustained.] [3]

The court charged the jury in part as follows:

[We say to you, gentlemen of the jury, as a matter of law, that if you find that the payment of $50.00 was made in February, 1894, as testified to and that is within six years of the bringing of the suit, which was February 24, 1898, we say that if you find that that $50.00 was made as a payment on this account, from the testimony, then this account is not barred by the statute of limitations, but the bar of the statute would be removed by such payment.] [1] . . . .

[If this payment was intended to be made by Mrs. Rose Brown and received by Dr. Foringer as a payment on that account, then we say to you as a matter of law that that removes the bar of the statute.] [2]

Verdict and judgment for plaintiff for $80.47. Defendant appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same. (3) To rulings on evidence, reciting same.

*John B. Brooks*, for appellant.—The plaintiff nowhere shows that Mrs. Brown, by any word or deed, acknowledged the balance of his claim or did anything but dispute it. She clearly told him, through Mr. Benson, that she would not pay it: Kunkel v. Kolb, 6 W. N. C. 48; Shaffer v. Shaffer, 41 Pa. 51.

The acknowledgment must be clear and unequivocal, must amount to a promise to pay on demand, and must identify the debt: Linderman v. Pomeroy, 142 Pa. 168; Macrum v. Marshall, 129 Pa. 506; Miller v. Miller, 137 Pa. 47; Patterson v. Neuer, 165 Pa. 66; Simrell v. Miller, 169 Pa. 326; Rosencrance v. Johnson, 191 Pa. 520.

If the evidence of Mr. Benson was entitled to be considered at all by the jury, then it was proper and important to contradict it and more definitely explain some portions of it.

The law recognizes no such incompetency on the part of a witness. He has offered to testify to what took place between himself, his client and a third party, which third party is produced by the other side as a witness, the rejected testimony being offered to contradict the testimony of that third party as to what took place between the three.

*C. D. Higby*, for appellee.—A partial payment of a note or other debt is a very emphatic recognition of its existence and obligation: Trickett's Limitations, 351; Barclay's Appeal, 64 Pa. 69.

Such payment, if made within six years before bringing the action will take the case from the bar of the statutory limitation: Herman v. Rinker, 106 Pa. 121.

The appellant insists that Rose Brown did not acknowledge " the unpaid portion" of Dr. Foringer's bill.

That was a proper question to submit to the jury under the evidence and the law in the case. The jury found from all the facts that she did, that " the unpaid portion " was assumed anew, by reason of the fact that there was a paid portion, and by the other evidence in the case: Hazlebaker v. Reeves, 12 Pa. 264; Davis v. Steiner, 14 Pa. 275.

Mr. Sisson offered to testify as to what took place in his office between Rose Brown, his client, himself, and Paul A. Benson, and all in the absence of Dr. Foringer, the surviving party, Rose Brown being deceased at the time of the trial.

May the mouth of the deceased party to a thing or contract be opened through his attorney, while the opposite party is prevented from testifying by the law?

OPINION BY RICE, P. J., July 26, 1900:

This was an action of assumpsit for a balance alleged to be due for medicines furnished and medical services rendered between July 21, 1890, and January 3, 1893. The action was brought February 24, 1898. To avoid the bar of the statute of limitations, as to the items more than six years old, the plaintiff introduced the testimony of Paul A. Benson, which was to the effect, that in February, 1894, after Mrs. Brown had received a statement of the account, she gave him a receipted bill for a small account she had against the plaintiff and $50.00 in money and directed him to pay the plaintiff the same in full satisfaction of his claim, and to get a receipt from him to that effect; that the plaintiff refused to give a receipt in full; that, after reporting to Mrs. Brown and her attorney, they directed him, to use his language, "to go back and pay the money and take a receipt for the $50.00 and the $13.00, of the bill which I did; at least my recollection is I got a receipt, and I don't know but my instructions were to pay it, and that they were not particular about the receipt." So far as the identification of the debt or account, upon which the payment was to be applied, is concerned, there is no difficulty. Nor, if the case rested here, would there be any serious doubt as to the effect to be given to the payment. But the witness further testified that Mrs. Brown disputed the amount of the bill, and claimed that the amount tendered and paid was all she owed the plaintiff, and, moreover, that he, the witness, told the plaintiff that that was all she would pay him, and if he wanted the balance of his claim he would have to sue for it; that she would not pay it unless she had to. This, it is to be noticed, is the testimony of the plaintiff's witness, and is the only testimony bearing on the question.

A payment on account stops the running of the statute, because it is deemed a constructive acknowledgment from which a promise to pay the balance is to be inferred. But the supposition that there is more virtue in a part payment than in a new promise is groundless, and no decision gives it counte-

nance: Coleman v. Fobes, 22 Pa. 156. It is an act from which a new promise is inferred; but the inference of a new promise despite the debtors' declaration that he owes no more and will pay no more would be a pure fiction, not a thing of truth. It would seem strange, if a debtor cannot pay that part of a claim which he admits he owes, at the same time denying liability for, and expressly refusing to pay, the balance, without incurring the risk of having his act construed, after his death, as an unequivocal acknowledgment of the whole claim, and an inferential promise to pay it. This is not the true doctrine "Even where the acknowledgment is express, instead of constructive, or the promise direct, rather than inferential, no ambiguity or uncertainty in the one or the other can be tolerated . . . . The better rule undoubtedly is, that the acknowledgment must not only be clear, distinct and unequivocal of the existence of a debt, but that it must be plainly referable to the very debt upon which the action is based. It matters not where the uncertainty lies, whether in the acknowledgment or in the identification, its existence is equally fatal to the plaintiff's recovery: " Burr v. Burr, 26 Pa. 284. This doctrine, whatever may be said of the propriety of its application to the facts of that case, stands unimpeached: Barclay's Appeal, 64 Pa. 69; Landis v. Roth, 109 Pa. 621; Patterson v. Neuer, 165 Pa. 66. See especially Graham v. Keys, 29 Pa. 189, where it was held that an acknowledgment and offer to pay the principal of a debt barred by the statute of limitations coupled with a refusal to pay the interest takes the principal, but not the interest, out of the statute. " To be consistent with a promise to pay the debt, the acknowledgment must be such as indicates an intention to pay the debt, at the time of the acknowledgment. The time of payment need not be immediate, but the intention to pay must be present. Hence any language inconsistent with this present intention must be inconsistent with a new promise . . . . An acknowledgment is less in force than a promise, and hence the necessity of scrutinizing closely the extent of meaning the language of the acknowledgment has :" Senseman v. Hershman, 82 Pa. 83. If this be true where an actual acknowledgment is alleged it is equally true of a constructive acknowledgment. In short, a new promise, or a waiver of the right to take advantage, by plea of the statute of limitations, of any such lapse of

time as may have occurred previous to the payment, will not be inferred as a matter of fact, nor be implied as a matter of law, where the admitted circumstances of the payment clearly repel such inference or implication. Applying these principles to the facts of the present case we are compelled to conclude that this was not such a "part payment on account" as would warrant an inference of an acknowledgment of liability for the whole of the plaintiff's claim. If it clearly appeared that when the witness went back the second time he assented to treat the payment as "a payment on account," without more, the case might be different; but we do not so understand his testimony. The plaintiff could not conclude Mrs. Brown by so wording the receipt.

A. E. Sisson was not an incompetent witness by reason of his being the administrator of the deceased defendant, and as such, a party to the record. This of course must be, and is, conceded. It is equally clear, that he was not incompetent by reason of his having been Mrs. Brown's attorney at the time the instructions testified to by Mr. Benson were given. He was not a surviving or remaining party to the thing or contract in action, he had no interest adverse to any right of the deceased party thereto, and the testimony he proposed to give did not consist of confidential communications made to him by his client. He was not within any of the exceptions to the general rule of competency, and we have no authority upon the ground of supposed inequality to exclude witnesses from testifying whom the legislature has not made incompetent. As to the substance of the testimony he proposed to give, it seems sufficient to say, that, if it was relevant for the plaintiff to show that Mr. Benson was acting under instructions given to him by Mrs. Brown and her attorney, it was equally relevant for the defendant to introduce the testimony of another witness who was present at the time. The effect to be given to the testimony is another question. It was relevant for the purpose of contradicting the testimony of Mr. Benson as to what took place at that time, although it may not have been relevant for every purpose, and probably would not have been admissible if Mr. Benson had not been called by the plaintiff to testify as to the same occurrence.

The assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.