## Hazlett v. Stillwagen, Appellant.

*Statute of limitations—Acknowledgment of debt—Promise to pay.*

A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute.  It must be an admission consistent with a promise to pay.  If so, the law will imply the promise without its having been actually or expressly made.  There must not be uncertainty as to the particular debt to which the admission applies.  It must be so distinct and unambiguous as to remove hesitation in regard to the debtor's meaning.  The acknowledgment must not be accompanied by any conditions or qualifications inconsistent with an absolute promise to pay generally or on demand.

A debtor, in answer to an attorney's letter requesting payment of a debt represented by a note made five years previously, answered as follows: " I delayed answering yours of October 25th, in the hope that I might be able to send you a substantial payment upon the S. Hazlett account, but find it impossible at this time to do so.  There are some unfinished matters from which I hope to realize considerable money within the next ninety days, but this of course will not meet your present demands.  In the event of your client being willing to wait until that time, however, I feel justified in saying that I will be able to at least reduce the claim.  More than this, I cannot promise from anything in sight." *Held*, that the letter was

insufficient to stop the running of the statute of limitations, or to give a new starting point for the running of the statute.

Argued April 13, 1903.   Appeal, No. 24, April T., 1903, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1899, No. 156.   Making absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel Hazlett to use of L. McCarrell and S. Hazlett Jr., Assignees for Creditors of Samuel Hazlett, v. W. C. Stillwagen.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit on a promissory note.

From the record it appeared that the action was brought on a promissory note for $252.83, dated April 22, 1890.   Suit was begun in 1899.   On October 25, 1895, the attorneys for S. Hazlett wrote to defendant asking him for payment of the note. On November 7, 1895, defendant wrote to the attorneys the following letter:

" BOYD & E. E. CRUMRINE:

" Dear Sirs: I delayed answering yours of October 25th, in the hope that I might be able to send you a substantial payment upon the S. Hazlett account, but find it impossible at this time to do so.   There are some unfinished matters from which I hope to realize considerable money within the next ninety days, but this of course will not meet your present demands. In the event of your client being willing to wait until that time, however, I feel justified in saying that I will be able to at least reduce the claim.   More than this, I cannot promise from anything now in sight."

Defendant filed an affidavit of defense setting up that the debt was barred by the statute of limitations.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Pier Dannals* for appellant.—the acknowledgment or admission must be a clear and unambiguous recognition of an existing debt, and so distinct and expressive as to preclude hesita-

tion as to the debtor's meaning, and as to the particular debt
to which it applies, and must be consistent with a promise to
pay: Miller v. Baschore, 83 Pa. 356; Lawson v. McCartney,
104 Pa. 356; Kensington Bank v. Patton, 14 Pa. 479; Keener
v. Zartman, 144 Pa. 179; Lowrey v. Robinson, 141 Pa. 189.

*Boyd Crumrine*, with him *E. F. Crumrine* and *J. P. Patterson*, for appellee.—The new promise, whether express or to be
implied from an acknowledgment, must plainly identify the
particular debt: Ulrich v. Getz, 9 Pa. Superior Ct. 289; Hancock v. Melloy, 189 Pa. 569.

So there must be, in the new promise, whether expressed or
implied, a specification of the amount due, or a reference to
something by which such amount may be definitely and certainly ascertained, and so precise and distinct in its extent and
form as to preclude hesitation: Hazlebacker v. Reeves, 9 Pa.
258; Davis v. Steiner, 14 Pa. 279.

It has been repeatedly held that from a clear, distinct and
unequivocal acknowledgment, a promise may be inferred, if
that acknowledgment is consistent with a promise: Bolton v.
King, 105 Pa. 78; Palmer v. Gillespie, 95 Pa. 340; Wesner v.
Stein, 97 Pa. 322; Lawson v. McCartney, 104 Pa. 356.

The effect of the statute of limitations is waived by a clear
and distinct acknowledgment of the existence of the debt as
a subsisting obligation, unaccompanied by any conditions or
qualifications inconsistent with an absolute promise to pay it,
not at any specified time in the future, but generally or on
demand.   A promise may be inferred, if that acknowledgment
is consistent with a promise: Burr v. Burr, 26 Pa. 284; Souder's Estate, 169 Pa. 239; Wright v. Jordan, 181 Pa. 100;
Nissley v. Brubaker, 192 Pa. 388.

OPINION BY RICE, P. J., May 22, 1903:

A debt barred by the statute of limitations is still a debt
though the remedy upon it be suspended or gone.   Its force as
an existing obligation, even though only moral, is such that a
promise to pay is binding without other consideration:  Woods
v. Irwin, 141 Pa. 278.   A new promise within six years is of
equal validity in giving a new starting point for the statutory
limitation, but in Pennsylvania the action is upon the original

undertaking : Yaw v. Kerr, 47 Pa. 333. The new promise need not be express. " A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise without its having been actually or expressly made. There must not be uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove hesitation in regard to the debtor's meaning :" Palmer v. Gillespie, 95 Pa. 340. " If it comes up to this standard it need not be coupled with anything else ; the law will imply the promise :" McIntosh v. Condron, 20 Pa. Superior Ct. 118.

First. There must not be uncertainty as to the particular debt to which the admission applies, and it may be conceded that an admission of indebtedness "upon the S. Hazlett account," without more, would not be a clear, distinct and unequivocal acknowledgment of an existing obligation upon a note held by S. Hazlett. But it is to be observed, that the defendant's letter referring to the " S. Hazlett account " was written in reply to a letter demanding payment of an indebtedness within terest due upon a certain note given to S. Hazlett, and that in subsequent portions of his letter he speaks of the plaintiff's " present demands " and of the plaintiff's " claim." Construing his letter in connection with the letter to which it was a reply there is no room for reasonable inference that the " S. Hazlett account" spoken of in the first part of his letter was distinct from the " demand " or the " claim " referred to in the latter part of his letter and plainly identified in the plaintiff's letter. If, therefore, the case turned upon the question whether the defendant was speaking of the claim or demand which is the subject of the action, it would be free from serious difficulty.

Second. Does the language import a clear, distinct and unequivocal acknowledgment of the claim or demand as a subsisting obligation ? True, the defendant did not deny that he owed the debt, neither did he expressly admit it. And whilst it may be argued with much plausibility that, if he did not owe the debt, he would not have said that he had been disappointed in his expectation of being able to make " a substantial payment upon the S. Hazlett account," or that he hoped in the near future to be able " to reduce the claim," yet it must be conceded

that the supposed acknowledgment rests upon mere inference, which, however plausible, is not the necessary and exclusive inference to be drawn from the language.   We do not assert that in order to warrant the implication of a promise, the admission of the debt as a subsisting obligation must be made in any set form ; but, whatever the form, it must be so distinct and unambiguous in substance as to preclude doubt as to the debtor's meaning.   " It matters not where the uncertainty lies, whether in the acknowledgment or in the identification, its existence is equally fatal to the plaintiff's recovery : " Burr v. Burr, 26 Pa. 284 ; Foringer v. Sisson, 14 Pa. Superior Ct. 266.   " A declaration of an intention to pay is not the equivalent of a promise to pay ; it is more in the nature of the expression of a desire to pay, and from this there is no implication of a promise : " Lowrey v. Robinson, 141 Pa. 189.   A fortiori the admission of disappointed expectation of ability to make a substantial payment upon the plaintiff's " account," or the expression of a hope of ability in the future to reduce the plaintiff's " claim," does not necessarily imply an admission that the whole claim is a valid and enforceable debt.

Third.   The authorities show, and the plaintiff's counsel concede, that the acknowledgment must be unaccompanied by any conditions or qualifications inconsistent with an absolute promise to pay generally or on demand.   " It is very true, that from an unqualified acknowledgment of the debt, a promise to pay may be inferred ; but the presumption may be rebutted by other parts of the conversation, which show that it is not the intention of the defendant to bind himself to pay the debt on demand : "   Kensington Bank v. Patton, 14 Pa. 479.   See also Lawson v. McCartney, 104 Pa. 356, Lowrey v. Robinson, supra, Keener v. Zartman, 144 Pa. 179, and Drawbaugh v. Drawbaugh, 7 Pa. Superior Ct. 349.   Language inconsistent with a present unqualified intention to pay the debt must be inconsistent with a new promise : Senseman v. Hershman, 82 Pa. 83 ; Foringer v. Sisson, supra.   It would be unwarranted to infer from the defendant's letter a present intention to pay the note on demand or in any event.   Nor is there room for the implication in law of an absolute promise to pay the whole claim, for he expressly declared that all that he would promise was that he would be able to reduce the claim, if the plaintiff would wait ninety days.

As already seen, the law will sometimes imply a promise where none was actually made, but it will not enlarge an actual promise to reduce the claim in a certain contingency into an absolute promise to pay the whole claim on demand or in any event, despite the debtor's express declaration that the conditional promise is all that he can or will make.

Judgment reversed and the record remitted with a procedendo.