## Yost's Estate.

*Decedent's estates—Interest on note due decedent—Payment—Evidence.*

One of two administrators owed the decedent, his father, on a promissory note, dated nine years before decedent's death. The note bore indorsements showing last payment of interest was made more than six years prior to decedent's death. The administrator admitted liability for the principal of the note, but refused to admit liability for interest. The administrators charged themselves with the principal of the note. At the audit the maker of the note offered book entries to show payments of interest. There was offered in evidence a memorandum of a calculation of interest which the decedent had caused to be made one year prior to his death, showing the maker's liability for interest for that time. This memorandum was found among decedent's papers. The maker produced no acknowledgments or receipts by the decedent of payments of interest. *Held*, that the maker was properly charged with interest.

Argued Nov. 11, 1902. Appeal, No. 257, Oct. T., 1901, by

Rufus R. Yost and Cyrus R. Yost, from decree of O. C. Berks County Jan. T., 1901, No. 13, dismissing exceptions to adjudication in estate of Benneville S. Yost, deceased. Before BEAVER, ORLADY, W. D. PORTER and W. W. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Benneville S. Yost died September 18, 1899. Letters of administration c.·t. a. were granted to appellants. They found among his papers a note signed by Cyrus R. Yost, one of the administrators, dated April 1, 1890, for $5,000, payable one year after date, with five per cent interest. The note bore indorsements in the handwriting of the decedent showing payment of interest to April 1, 1893, and upon its face was barred by the statute of limitations. Cyrus R. Yost, however, admitted that the principal was unpaid but refused to admit liability for interest, and the administrators accordingly charged themselves in their inventory and account with the principal of the note. The appellee, however, asked the court to surcharge the administrators with interest from April 1, 1893, and offered the note in evidence.

There was offered in evidence a memorandum of a calculation of interest which the decedent had caused to be made on March 7, 1898, showing interest due by Cyrus R. Yost at that time. This memorandum was found amongst decedent's papers.

The auditing judge surcharged the administrators with interest on the note.

On exceptions to the adjudication the court said :

There is no pretense here that this administrator ever paid his debt to the estate or has had the $5,000, or any part of it, in his hands as administrator. In ascertaining the amount of interest due upon the note I was governed by the indorsements on the note in the handwriting of the decedent, and the book accounts of the debtor showing items of interest which he claimed to have paid on the note. He has no receipts for such items, and the written calculation of interest due on the note which was in the possession of the decedent at his death, and which was produced by the administrators upon notice, shows that the decedent did not acknowledge the payments of interest claimed by the debtor in his book account. It is easy to make

book entries; and the absence of receipts for the interest claimed to have been paid, considered in connection with the written calculation of interest due March 7, 1898, in the possession of the decedent at his death, casts grave doubt upon the reliability of the book entries; but, although the entries were not legal proof, they were allowed as grounds of credit on account of interest. The absence of the receipts for the alleged payments of interest is very significant, as the decedent was very exact in his business affairs, as the numerous papers in the case show. I believe if there is error in the matter of interest on the $5,000 note the estate, and not the debtor, is the injured party.

*Error assigned* was in overruling exceptions to adjudication.

*Isaac Hiester*, with him *Horace A. Yundt*, for appellants.

*Benjamin F. Dettra*, for appellee.

OPINION BY ORLADY, J., May 22, 1903:

The court below found as a fact that there was due to the estate of the decedent from Cyrus R. Yost " on a note of $5,000, April 1, 1890, the amount of the note with interest at five per cent from April 1, less $1,750," and also " on a note of $489, dated July 17, 1895, there was due the amount of the note with interest at five per cent from June 17, 1895, less $73.35."

If the surcharge depended alone on the proof of the promise to pay the principal and not the interest it would be controlled by Graham v. Keys, 29 Pa. 189, but the facts here are materially different. The indorsements on the note in the handwriting of the decedent, and the written calculation of interest, signed by Cyrus R. Yost, which were in the possession of the decedent, and were produced by the administrators upon notice, contradict the claim of the debtor, as made by his book entries. · The administrators did not charge themselves with the principal alone, but they accepted the amount fixed by the appraisers, which embraced interest from an unnamed date and supplemented by the other items of proof, sustain the finding of the court. The absence of receipts for the alleged payment of interest was significant, as they should have come from

the same source that produced the statement or calculations on the note. The admission of liability was not expressly limited to the principal as contended for, and if the appellants were misled by the remark of the court, "If he admits only the principal he will not be charged with the interest," the burden was still on them to show that the interest had been in fact paid, in support of which they did adduce some proof, but the facts were conflicting, and were found by the court to be against their contention. The court after hearing the exceptions reduced the item of surcharge of grain in the straw at the decedent's death so that the administrators were surcharged only with the amount they actually received, and we are not disposed to disturb this conclusion.

The assignments of error are overruled and the judgment is affirmed and the motion for a reargument is refused.