## Edsall *v.* Reynard, Appellant.

*Statute of limitations—Overpayment—Evidence as to acknowledgment of debt—Promise to pay.*

In an action to recover moneys paid in excess of an amount due upon a promissory note, where it appears that the note was paid more than six years prior to the institution of the suit, the statute of limitations is a good plea, and if the evidence shows that the defendant never unconditionally acknowledged that there had been an overpayment, but always said that if such an overpayment had been made, he would repay the amount of it, the court should say as a matter of law that the evidence is insufficient to toll the statute of limitations.

Submitted March 1, 1909.   Appeal, No. 66, March T., 1909, by defendant, from judgment of C. P. Wayne Co., June T., 1906, No. 152, on verdict for plaintiff in case of Joseph Edsall v. John Reynard.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit to recover moneys alleged to have been paid in excess of an amount due on a note.   Before PURDY, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $163.97.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Wm. H. Lee,* with him *F. P. Kimble,* for appellant.—The evidence was insufficient to submit to the jury: Palmer v. Gillespie, 95 Pa. 340; Henry v. Zurflieh, 203 Pa. 440; Simrell v. Miller, 169 Pa. 326; Burr v. Burr, 26 Pa. 284; Landis v. Roth, 109 Pa. 621; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114; Linderman v. Pomeroy, 142 Pa. 168.

*A. T. Searle,* with him *O. L. Rowland,* for appellee.

OPINION BY MORRISON, J., April 12, 1909:

The plaintiff was indebted to the defendant on a note, dated

April 4, 1893, in the sum of $368, due six months after date. The evidence shows that the plaintiff was also indebted to the defendant on several other transactions, at least one of which was another note. It is conceded that the note first above mentioned was paid by the plaintiff many years before the commencement of this suit; the last payment thereon was made on August 15, 1898 or 1899. The theory on which the plaintiff recovered in this case was that he overpaid the defendant the amount due on said note in a sum something in excess of $100, and this suit was brought to recover for that overpayment and interest thereon for a period of nearly fifteen years.

The defendant denied having received more than was due upon the note and pleaded the statute of limitations. The learned court submitted the case to the jury, saying, among other things, in the charge: "There are two questions in this case. One is, whether the money was paid by him, as he alleges, and in excess of what was due upon the note. . . . Another question is, whether the situation is such by reason of the lapse of time, and what has taken place between the parties since that time, as to preclude a recovery in case you should find that the money was overpaid." The learned court then instructed the jury in regard to the statute of limitations and said: "There are two questions in the case, and while the court has been somewhat puzzled as to what to do with the case we have concluded to submit these questions to you." The jury found in favor of the plaintiff the sum of $163.97, and judgment being entered thereon, the defendant appealed.

At the trial the defendant asked for a binding instruction in his favor and subsequently moved for judgment non obstante veredicto.

In discharging the rule for judgment in favor of the defendant, the learned court said: "The jury have found that a mistake existed and while the case is probably on the border line, we do not feel justified in disturbing the verdict of the jury."

A careful examination of the evidence convinces us that it was sufficient to warrant the jury in finding that the plaintiff paid more money to the defendant than was due upon the note.

But we are not able to agree with the learned court below that there was sufficient evidence to toll the statute of limitations. We are unable to find from the evidence that the defendant at any time within six years of the bringing of the suit, admitted to the plaintiff, or to anyone authorized to act for him, without condition or qualification, that he had in his hands any sum of money due and owing to the plaintiff, or that any debt or obligation existed on his part to the plaintiff. The whole difficulty that arises out of the evidence is that all of the alleged promises and undertakings on the part of the defendant were conditional. Take the plaintiff's own testimony: "I told him, as soon as I got my recollections around a little bit, that the note was overpaid. I said you must have made a mistake and then he seemed to be in such a wonderful hurry, . . . . ; he said when I came over again he would get it (referring to papers), and after a while I went over again. Q. What did he say about overpayment? A. Why, he said he didn't really think it was. He said there was back interest on it and partial payments, and he said he thought probably it was not overpaid; and then he commenced to make promises that if it was he would make it right. Q. What did he say about making it right? A. Why, he said whatever was overpaid he would rectify and make it right; he said we had always got along good and I had always paid him, and he would make it right." Further along the plaintiff testified in substance that defendant said he would pay it. He said he would do all right about it. He said he would pay it back to me. But in this there is no identification of any definite claim, sum or demand, and it leaves the matter too uncertain to toll the statute of limitations. The plaintiff's testimony clearly shows that he was indebted to the defendant in a considerable amount on other claims.

The learned counsel for plaintiff relies on the testimony of several other witnesses. First, that of Joseph Baldwin, referring to a conversation between plaintiff and defendant in 1903 in the presence of Baldwin, Thomas Edsall and Joseph Hogencamp. Mr. Baldwin said: "They came walking down from the house, Mr. Edsall and Mr. Reynard—from Mr. Edsall's house— and walked out into the public highway, and I was on the oppo-

site side, and Mr. Reynard said: 'Now, we are all straight at this present time, ain't we, in our business?' And, 'Yes,' Mr. Edsall said, 'all but this note,' and he said, 'I think I have overpaid you on this note, and I want it,' and Mr. Reynard said, 'No, I think you ain't,' and Mr. Edsall said, 'I think I have, and I want my note,' and Mr. Reynard said, 'Well, I will look this note up, and if there is anything wrong with the note I will make it right,' that is all I know about it."

Joseph Hogencamp testified as to the same conversation: "Mr. Reynard and Mr. Edsall were talking and came down from the house and talked quite a few minutes, and Mr. Reynard said to Mr. Edsall, 'we are all square now?' And Mr. Edsall said, 'except that note,' and he said, 'I think I overpaid you on that note,' and Mr. Reynard said, 'If there is anything wrong about it, I will make it right,' and that is all I know about it."

Bruce Hogencamp testified: "Why, they were talking the note over, and I just stopped and listened, and he said he thought he overpaid him on the note and it was not right, and Mr. Reynard said, 'Well, if it ain't right, I will make it right,' and that is all I know about it." The witness fixes the conversation in 1902 or 1903.

Thomas Edsall testified as to the same conversation: "Mr. Reynard said to Mr. Edsall—he said, 'Everything is all square between I and you; we have always done business all right,' and Mr. Edsall said, 'Everything is all right except that note,' and then Mr. Edsall asked him for the note and told him he thought he had overpaid it, and he said, 'If you have overpaid me for the note I will make it right.'" The testimony of James Edsall, another son of the plaintiff, is in substance the same as that of his brother. In this connection we note the testimony of the defendant that there was another note which he held against the plaintiff and he testified that much of his talk referred to the latter note and had nothing to do with the note on which the plaintiff claims he made the overpayment.

In our opinion, the foregoing testimony falls short of a clear, distinct and unequivocal acknowledgment of a debt due from the defendant to the plaintiff. The testimony shows that in

every instance the alleged promise relied on by plaintiff was coupled with a condition. In Palmer v. Gillespie, 95 Pa. 340, Mr. Justice MERCUR, in delivering the opinion of the court, said: "A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise, without it having been actually or expressly made. There must not be uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove hesitation in regard to the debtor's meaning." In the present case there would not be much uncertainty as to the debt, if the defendant had admitted an overpayment upon the note and that he owed the same to the plaintiff. If he had made such admission, it may be conceded that the jury could have found that it related to an overpayment on the note of April 4, 1893, but we fail to find any sufficient evidence of an admission of any debt due from the defendant to the plaintiff.

Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114, is a well considered case which seems to contain all the law that is necessary to dispose of the present controversy. There a debtor, in answer to an attorney's letter requesting payment of a debt represented by a note made five years previously, answered as follows: "'I delayed answering yours of October 25th, in the hope that I might be able to send you a substantial payment upon the S. Hazlett account, but find it impossible at this time to do so. There are some unfinished matters from which I hope to realize considerable money within the next ninety days, but this of course will not meet your present demands. In the event of your client being willing to wait until that time, however, I feel justified in saying that I will be able to at least reduce the claim. More than this, I cannot promise from anything in sight.' Held, that the letter was insufficient to stop the running of the statute of limitations, or to give a new starting point for the running of the statute." The above is taken from the syllabus of the case. In the well considered opinion of RICE, P. J., we find the following: "The authorities show, and the plaintiff's counsel concede, that the acknowledgment must

be unaccompanied by any conditions or qualifications inconsistent with an absolute promise to pay generally or on demand."

The evidence in the present case fails to bring it within the doctrine above stated. Nowhere in the evidence does it appear that the defendant acknowledged, without qualification, that he owed the plaintiff any debt or demand. His statements as rehearsed by the plaintiff and all of his witnesses, in so far as they related to the plaintiff's claim, were conditional.

In Macrum v. Marshall, 129 Pa. 506, it is said in the opinion of the Supreme Court: "That an acknowledgment, to take a case out from the operation of the statute, must be clear and unambiguous. It must recognize, and be directed to, the debt with sufficient clearness, and must amount to an unqualified admission that it remains due and unpaid. The words relied on in this case do not meet the test."

In Henry v. Zurflieh, 203 Pa. 440, we find the same doctrine in the opinion of the Supreme Court by the late Mr. Justice DEAN.

Linderman v. Pomeroy, 142 Pa. 168, is a strong case of a conditional promise which was held insufficient to toll the statute of limitations. In that case, plaintiff, according to his own account, said: "If Hoffman does this, if I owe you anything I will pay you, and if you owe me anything you will pay me. 'Yes, sir;' said he (appellant). 'If you owe me anything you must pay me, and if I owe you I will pay you.' It is on this promise, if at all, that plaintiff must sustain his recovery." But this was held, in an opinion by Mr. Justice MITCHELL, to be wholly insufficient; citing many authorities.

In our opinion, the learned court erred in refusing a binding instruction in favor of the defendant and in refusing to enter judgment for the defendant non obstante veredicto.

The assignments of error are sustained, and the judgment is reversed, and judgment is here entered in favor of the defendant non obstante veredicto.