## Anthracite Trust Company *v.* Loughran, Appellant.

Argued January 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*M. J. Martin,* for appellant.

*Edward J. Kelly,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 24, 1941:

The only question involved in this action on a promissory note is whether recovery is barred by the statute of limitations.

On May 19, 1931, appellant and Maurice Miller executed a promissory note in the sum of $3,600, naming the Anthracite Trust Company as payee, due August 17, 1931. This note was reduced by payments, none of which were made by appellant, and at the time of trial the amount of the note was $3,480.17. January 12, 1938, 6½ years after the due date of the note, suit was instituted by the appellee, the receiver of the trust company. The summons was returned non est inventus as to appellant. An alias summons issued July 6, 1939, which was served on him.

To remove the case from the bar of the statute, the deputy receiver of the Anthracite Trust Company was called as a witness. He stated that on April 28, 1932, he had a conversation with appellant, who acknowledged the note as his. He said: "As far as payment is concerned, I would say at that particular time he agreed to pay half of it with the understanding that Mr. Maurice Miller would pay the other half." Appellant denied ever having had such a conversation as the deputy related.

The court below submitted the case to the jury, instructing them if they found that appellant made the

statement attributed to him by the deputy receiver, they should find for the appellee. The jury so found. Appellant's motions for judgment non obstante veredicto and a new trial were refused and judgment entered on the verdict.

The court below took the view that the statements made by appellant to the deputy receiver were sufficient to toll the statute and as suit was instituted within six years of this conversation, recovery was not barred.

In order to take the case out of the statute, it is not necessary to show an express promise to pay. A clear, distinct and unequivocal acknowledgment of a debt is sufficient; from such an admission the law will infer a promise to pay: *Dick v. Daylight Garage,* 335 Pa. 224, 6 A. 2nd 823. Where, however, the acknowledgment is accompanied by words inconsistent with a promise, the acknowledgment thereof is insufficient: *Fries v. Boisselet,* 9 S. & R. 128; *Maniatakis' Est.,* 258 Pa. 11, 101 A. 920. Both promises to pay and acknowledgments of indebtedness must be unequivocal and unconditional to be effective. Where there is an express promise to pay, but the promise is conditional, the case is not removed from the bar of the statute in the absence of proof that the condition was performed: *Shreiner v. Cummins,* 63 Pa. 374; *Linderman v. Pomeroy,* 142 Pa. 168, 21 A. 820; *Drawbaugh v. Drawbaugh,* 7 Pa. Superior Ct. 349; Restatement, Contracts, Sec. 91; 1 Williston, Contracts, 577 et seq. Here the promise to pay was conditional. Appellant promised to pay half of the note, if Miller paid the other half. Miller never paid his share. Under such circumstances, the statute is not tolled. See *Webster's Executors v. Newbold,* 41 Pa. 482 *; *Shaeffer v. Hoffman,* 113 Pa. 1, 4 A. 39.

The judgment of the court below is reversed and is here entered for defendant.

---

* This case was not on the briefs. It is of interest to note that the suit was by the executors of Daniel Webster to recover fees alleged to be due to him.