## Goodis v. Meneses

*Stanley R. Kotzen,* for plaintiffs.

*Edward S. Lawhorne* and *James E. Meneses,* for defendant.

CATANIA, J., April 20, 1964.—Plaintiffs are the executors and trustees of the estate of Nicholas J. Brandolini, deceased. On May 23, 1962, plaintiffs filed a complaint in assumpsit setting forth that on December 13, 1954, decedent made a loan to defendant in the sum of $1,250, which the defendant agreed to repay upon

demand. Defendant filed an answer with new matter alleging that plaintiffs' cause of action is barred by the statute of limitations because this action was not commenced within six years from the date the cause of action arose. In their reply to new matter, plaintiffs aver that the claim is not barred by the statute of limitations by reason of the fact that defendant made a subsequent acknowledgment of the debt and promised to pay on August 21, 1961, which was sufficient to toll the statute of limitations.

Thereafter, the parties agreed to submit the question to the court on a case stated.

The letter of defendant, which plaintiffs claim is sufficient to toll the statute of limitations, reads as follows:

"August 21, 1961

"The First Pennsylvania Bank & Trust Co.,

"Philadelphia 1, Pa.

"Att. K. W. Keenan

"*Asst. Trust Officer*

Dear Sir:

"Your attentive letter of the 16th instant brought me the very lamentable news of the passing of my good & dear friend, Nick Brandolini a very sad occurrence about which, as well suggested by you, I knew nothing —My ignorance of his passing is understandable only by my own sickness and my extremely bad financial status which impeded me to abandon my confinement to Hospital & home—On Nov 7/59 after attacks of influenza, pneumonia & a general broken down condition, I suffered a Trombosis paralizing my left side, leg and arm; my legal pension, since drastically discharged almost three years ago, has not reached me in any proportion. My present scarcity is, as it has been, ever since, complete, but you can be sure that as soon as normality in this respect comes & my pension arrives, *as it must,* my obligation will be satisfied in full—Unfortunately

I have no other source of income—*I am sending some correspondence confirming my situation & kindly return them to me after your perusal of same.*

"Very sincerely yours,

"/s/ N. E. Meneses"

The running of the statute of limitations may be tolled, or a barred cause of action revived, by a new promise to pay or by an acknowledgment of the debt by the debtor from which a promise to pay may be inferred: Levy v. Cadet, 17 S. & R. 126 (1827).

In order to take the case out of the statute, it is not necessary to show an express promise to pay. A clear, distinct and unequivocal acknowledgment of the debt is sufficient; from such an admission the law will infer a promise to pay: Dick v. Daylight Garage, 335 Pa. 224. But where there is both an acknowledgment of the debt and a promise to pay, as here, the whole statement or conversation must be considered together and if the promise to pay is conditioned, the case is not removed from the bar of the statute in absence of proof that the condition was performed: Shreiner v. Cummins, 63 Pa. 374; Linderman v. Pomeroy, 142 Pa. 168; Drawbaugh v. Drawbaugh, 7 Pa. Superior Ct. 349; Restatement, Contracts §91.

As has been stated, the law will sometimes imply a promise where none was actually made, but it will not enlarge an actual promise to pay the claim, upon a certain contingency, into an absolute promise to pay the whole claim on demand or in any event despite the debtor's express declaration that the conditional promise is all that he can or will make: Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114.

In the present case it is clear from the entire writing that defendant had no money, that his only possible source of income was his expected pension, and that he would pay his debt when his pension arrived. It is also clear that defendant did not intend to pay the debt

on demand or in any event, but that this conditional promise was all that he could make.

The promise to pay, therefore, having been conditioned upon the arrival of defendant's pension, it is incumbent upon plaintiffs to show that the condition has been met: Anthracite Trust Company v. Loughran, 341 Pa. 142. Since the parties have agreed that defendant has not received his pension from the Cuban government, the condition attached to defendant's promise to pay the debt has not been performed and the bar of the statute of limitations has not been removed. We therefore, make the following order.

### Order

And now, April 20, 1964, judgment is entered in favor of defendant, Nicholas E. Meneses, and against plaintiffs, Samuel D. Goodis, Matilda Brandolini, The Pennsylvania Banking and Trust Co., executors and trustees of estate of Nicholas J. Brandolini, deceased.

Costs are to be borne by plaintiffs; and exception is noted for plaintiffs.