577 A.2d 917

The GARLAND COMPANY, INC., Appellant,

v.

**J.L. MILLER & SONS, INC.**

Superior Court of Pennsylvania.

Submitted June 4, 1990.

Filed July 25, 1990.

Lucinda A. Bush, Washington, for appellant.

Stephen Minor, Washington, for appellee.

Before FORD ELLIOTT, HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is an appeal from judgment on the pleadings entered in favor of the defendant based on plaintiff's failure to institute this action within the applicable statute of limitations. We affirm.

The Garland Company, Inc., appellant, instituted this action on August 22, 1988, against J.L. Miller & Sons, Inc., appellee, seeking to recover $12,673.21 plus interest that appellee owes for roofing materials that appellant delivered on August 10, 1983. The total roofing materials purchased amounts to $52,673.21, and appellee made a partial payment of $40,000. Appellee answered the complaint by alleging that it does not owe the money due to appellant's failure to deliver written warranties that are required by the parties' contract. Appellee states that the roofing materials were used in the construction of a new school and that all materials had to be warranted before the school district would pay in full for the materials. The school failed to pay appellee for all of the roofing materials because no written warranties were forwarded, even though appellee repeatedly contacted appellant and requested the warranties. Appellee also raises as new matter the bar of the statute of limitations. Appellant responded to the answer by alleging both that it had not agreed to supply the warranties and that the statute of limitations had not expired.

Appellee then filed a motion for judgment on the pleadings, based on the applicable four-year statute of limitations and the fact that the action was filed five years and twelve days after the debt became due, which was upon delivery of the goods. In response, appellant filed a petition for leave to amend its pleadings, adding a new allegation regarding the statute of limitations. The new allegation is that on August 26, 1988, four days after this action was instituted, John Miller of appellee's company made a new promise to

pay the debt. The details of the promise are set forth in a letter from appellant's counsel to appellant's credit manager. A copy of the letter is attached to appellant's petition to amend its answer to new matter. In the letter, appellant's counsel relates a conversation with Mr. Miller on August 26, 1988, wherein Mr. Miller stated that he was not paying the money because he had not been able to collect the money from the school district that had purchased the roofing materials. The trial court concluded that this new allegation was not sufficient to avoid the bar of the statute of limitations, and it granted appellee's motion for judgment on the pleadings. This appeal followed.

Appellant contends that the August 26, 1988 acknowledgment by Mr. Miller that his firm owed the money tolled the four year statute of limitations applicable to this action pursuant to 13 Pa.C.S. section 2725(a). We disagree, concluding that Mr. Miller's statements that are outlined in the letter by appellant's counsel are insufficient as a matter of law to toll the statute of limitations.

Section 82(1) of the Restatement (Second) of Contracts provides that a promise to pay all or part of an antecedent contractual indebtedness owed by the promisor is binding if the debt would be enforceable but for the effect of the statute of limitations. Section 82(2) outlines three situations which operate as a promise under section 82(1). The situation that appellant contends is applicable herein is the one contained in section 82(2)(a), which provides that a "voluntary acknowledgment of the oblige, admitting the present existence of the antecedent indebtedness," is a promise that is binding. Acknowledgment is defined as an unqualified admission that a debt is owing. Restatement (Second) of Contracts § 82, comment d. Comment d notes that if circumstances indicate an unwillingness to pay, the acknowledgment is not effective.

In *Receiver of Anthracite Trust Co. v. Loughran*, 341 Pa. 142, 19 A.2d 61 (1941), the supreme court examined the characteristics that a promise to pay an antecedent debt must display before we may consider the promise sufficient

to toll the statute of limitations. The court stated that in order for a promise to effectively render the statute of limitations inapplicable, it must be clear and unequivocal. The court specifically ruled that any words inconsistent with a promise to pay will make the acknowledgment inoperative. Applying those principals to the facts there under consideration, the court held that a promise to pay half of the amount due on a note if another person would pay the other half due was not sufficient due to the fact that it was conditional.

Mr. Miller's statements to appellant's counsel, as outlined in the letter, cannot be construed under any circumstances as an unqualified admission that he owed the money. Counsel's letter states as follows:

Suit was entered on this matter and the Defendant was served with the Complaint. Mr. John Miller called me concerning the matter. Mr. Miller explained to me that the reason he was not paying you was because he was unable to collect his money from Trinity School District. I explained to him that the fact that he did not get paid does not mean that he does not owe Garland for the materials. He indicated that the reason Trinity would not pay him was because he could not obtain a warranty for the materials from Garland.

He further notified me that while he was involved with this matter he dealt with a person from Garland named "Don" who was very familiar with the situation. Please send me further information concerning this claim and concerning Mr. Miller's position. He informs me that Trinity still owes him over $20,000.00 which he feels he could collect if he received a warranty for the roof.

Letter dated August 26, 1988, to The Garland Company, Inc.

Construing Mr. Miller's statements in the light most favorable to appellant, it is clear that Mr. Miller's willingness to pay the debt was conditioned expressly upon his receipt of payment from the school district which could not occur until appellant provided written warranties on the

roofing materials. Since Mr. Miller's statements regarding appellee's obligation to pay the debt were not unconditional but instead indicate that he did not intend to pay unless certain actions were performed by appellee and until the school district paid him, the statements are not sufficient to toll the statute of limitations under section 82(2)(a) of the Restatement and the supreme court's decision in *Anthracite Trust Co.*

Appellant's counsel is the person who stated during the August 26, 1988 conversation that appellee's obligation to pay the debt is unconditional. We question the propriety of counsel's present use of Mr. Miller's statements since they were made just after counsel's client instituted suit against the Mr. Miller's company and were made when Mr. Miller appears to have been an unrepresented layperson.[1] Furthermore, we conclude as a matter of law that Mr. Miller's acknowledgment of the debt was not unconditional and that the conversation demonstrates that he remained unwilling to repay the obligation. Therefore, Mr. Miller's statements were not sufficient to toll the statute of limitations, and the trial court correctly granted judgment on the pleadings.

Order affirmed.

---

1. See Rules of Professional Conduct Nos. 4.2, 4.3, and 4.4.