**Shpiglov v. Detrova**

C.P. of Dauphin County, no. 2432 S 2001.

*Albert N. Peterlin,* for plaintiff.
*Robert S. Mirin,* for defendants.

KLEINFELTER, *P.J.,* February 26, 2002—Before the court is the motion for summary judgment of defendants Irina Detrova and Valery Detrova in this breach of contract case. For the reasons set forth below, the motion is denied.

This case finds its beginnings sometime in March of 1995. At that time, Irina Detrova, the cousin of plaintiff Semyon Shpiglov, was interested in purchasing a home, but did not have sufficient funds for the required down

payment. Hearing of Irina's predicament, Shpiglov agreed to provide her with $10,000. However, the terms of this transfer are what spawned the instant dispute.

Shpiglov claims that the $10,000 represented a loan to Irina Detrova to be repaid upon demand when he needed the money; yet, no writing exists representing such an agreement. The Detrovas counter that the $10,000 provided by Shpiglov was a gift, and that no repayment was either expected or required.

In November 1997, Shpiglov claims that he was in need of funds, and demanded repayment of the $10,000. In February of 1998, Shpiglov claims that the Detrovas wired $100 to Shpiglov's joint bank account. In addition, Shpiglov maintains that two $100 payments were made to his daughter, Victoria Peterlin, sometime in 1999. Shpiglov provides an affidavit of Mrs. Peterlin stating that the Detrovas described these payments as payment on the $10,000 loan. These payments, according to Shpiglov, are an acknowledgment that the $10,000 was in fact a loan, not a gift as the Detrovas contend. The Detrovas, on the other hand, argue that these small payments were gifts to Shpiglov's wife, who was having financial difficulties, and in no way represent acknowledgment of a $10,000 debt to Shpiglov.

Shpiglov filed a complaint on May 25, 2001. Following the Detrovas' preliminary objections, an amended complaint was received on July 10, 2001, alleging express breach of oral agreement (Count I) and unjust enrichment (Count II). The Detrovas filed an answer with new matter on August 2, 2001, which alleged defenses of statute of limitations and statute of frauds. Thereafter,

the Detrovas filed the instant motion for summary judgment on October 5, 2001. Shpiglov filed a response on October 26, 2001. Each party filed a brief in support of their position and oral argument was presented to the court on February 7, 2002.

"[S]ummary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . Summary judgment may be granted only in those cases where the right is clear and free from doubt. . . . The moving party has the burden of proving that there is no genuine issue of material fact. . . . Moreover, the record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. . . ." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 73-74, 658 A.2d 423, 425 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995), see also, *Robinson v. Lower Paxton Township,* 119 Dauph. 259 (2000).

The crux of the Detrovas' argument is that even if the transfer of the $10,000 is deemed to be a contract, any action for recovery by Shpiglov is barred by the statute of limitations. Shpiglov, on the other hand, contends that the loan was not payable until the occurrence of a condition precedent to demand for payment; namely, Shpiglov could not demand payment until he needed the money, which in turn started the statute of limitations. In addition, Shpiglov claims that the statute of limitations was

tolled when he demanded payment. Finally, the statute of limitations was also tolled, according to Shpiglov, when the Detrovas acknowledged the $10,000 loan by making payments.

The statute of limitations for contracts in Pennsylvania is set forth in 42 Pa.C.S. §5225:

"The following actions and proceedings must be commenced within four years: . . .

"(3) An action upon an express contract not founded upon an instrument in writing.

"(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter. . . ."

Unfortunately, the appellate case law in this area is sparse. Both parties cite *Gurenlian v. Gurenlian,* 407 Pa. Super. 102, 595 A.2d 145 (1991), which we deem to be controlling.

" '[W]here the contract is to pay on the future performance of a condition . . . or at a certain time after demand, there a demand is necessary to a right of action,' and the statute of limitations does not begin running until demand is made. *Cook v. Carpenter (No. 1),* 212 Pa. 165, 175, 61 A. 799, 803 (1905).[2] 'The statute of limitations on a demand note does not begin to run until demand or a payment on principal or interest is made or until judgment is entered on the debt.' *Lazzarotti v. Juliano,* 322 Pa. Super. 129, 469 A.2d 216 (1983)." *Gurenlian,* 407 Pa. Super. at 112-13, 595 A.2d at 150.

Footnote 2, referenced above, reads:

"In such cases where a demand is necessary to perfect the cause of action and the time of the demand is within

the plaintiff's control, the demand must be made within a reasonable time. *Bell v. Brady,* 346 Pa. 666, 31 A.2d 547 (1943). The plaintiff cannot 'arrest the running of the statute . . . for his own convenience.' *Id.,* 346 Pa. at 670, 31 A.2d at 550. . . ."

The *Gurenlian* court continued:

"A promise to pay a dept may toll the statute of limitations. . . . The promise to pay may be express, or it may be implied from an acknowledgment of the debt. . . . However, '[b]oth promises to pay and acknowledgments of indebtedness must be unequivocal and unconditional' to take the case out of the statute of limitations. *Receiver of Anthracite Tr. Co. v. Loughran,* 341 Pa. 142, 144, 19 A.2d 61, 62 (1941).

"A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgment or in the identification of the debt; and the acknowledgment must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

"*Maniatakis' Estate,* 258 Pa. 11, 15, 101 A. 920, 921 (1917). (citations omitted) Statements which are equivocal concerning a promise to pay or which do not clearly

identify the debt do not toll the statute of limitations."
*Gurenlian,* 407 Pa. Super. at 114-15, 595 A.2d at 151.

Applying *Gurenlian* to the matter at bar, we find that if this transaction was indeed a contract, the statute of limitations began to run when Shpiglov demanded payment when he needed the money. Considering the facts in a light most favorable to the non-moving party, we note that the $10,000 was transacted in March of 1995, payable on demand when Shpiglov needed the money. In November 1997, Shpiglov fell into financial misfortune and demanded payment on the alleged loan. This demand triggered the statute of limitations, which at four years would expire—at the latest—on November 30, 2001. Since Shpiglov filed this cause of action on May 25, 2001, it is well within the four-year statute of limitations set forth in 42 Pa.C.S. §5225.[1]

Notwithstanding our finding that this cause of action has been brought within the appropriate statute of limitations period, we are left with the fundamental question of this case—was this a loan or a gift? Even the most casual inquiry yields numerous factual issues dependent upon the testimony of the parties involved. We simply

---

1. Incidentally, we reject Shpiglov's contention that the statute of limitations was tolled by the Detrovas' acknowledgment of the loan. As we learned from *Gurenlian, supra,* to toll the statute of limitations, any acknowledgment must be "unequivocal and unconditional." Here, the Detrovas flatly deny any acknowledgment of debt and instead claim that the payments were merely gifts to assist Shpiglov's wife in a time of financial distress.

We also patently reject Shpiglov's claim that a demand for payment *tolled* the statute of limitations. Again, *Gurenlian* instructs that a demand for payment sets the statute of limitations running; it does not toll the statute.

cannot decide this as a matter of law and thus deny the Detrovas' motion for summary judgment.

Accordingly, we enter the following:

## ORDER

And now, February 26, 2002, upon consideration of the motion for summary judgment submitted by defendants Irina Degtyarov a/k/a Irina Detrova and Valery Degtyarov a/k/a Valery Detrova, said motion is hereby denied.