## Senseman *et al. versus* Hershman and Houser.

1. To take a case out of the Statute of Limitations there must be an acknowledgment of the debt, as an existing obligation, consistent with a new promise to pay it, or an express promise to do so.

2. Since an acknowledgment is of less force than a promise, there must be a present intent to pay, fairly to be inferred from the language used, at the time the acknowledgment is made, though the time of payment be not immediate.

3. A promise to pay the balance, when the pro rata from the principal debtor's estate was paid, is not a promise to pay the whole debt, though it was shown that there was no dividend declared.

May 9th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

[Senseman *v.* Hershman.]

Error to the Court of Common Pleas of *Cumberland county* : Of. May Term 1876, No. 89.

This was an action of assumpsit, brought February 16th 1874, upon a joint and several promissory note, drawn by John W. Hershman and W. C. Houser, in favor of R. Senseman and others, trustees of Wildey Encampment of the Order of Odd Fellows, dated November 10th 1866, at twelve months.

Hershman was the debtor and Houser the surety. Hershman, on the 19th of September 1868, made an assignment for the benefit of creditors; and the assignees on the 2d of March 1872, filed an account, by which it appeared that there was not sufficient to pay lien-creditors, and Hershman was insolvent at the time of suit brought.

Houser pleaded *non-assumpsit infra sex annos*, and on the trial of the case, upon the testimony of the plaintiff, the court below, Herman, P. J., directed a compulsory nonsuit, and upon motion to set aside the same refused, holding it clearly insufficient to take the case out of the statute.

The testimony of the plaintiff was that of R. N. Short, who stated " that he was one of the trustees of the society, and that he and Mr. Palmer were instructed to collect this note; that about the 23d of January 1874, he and Palmer went to see Houser; Palmer said to Houser that the trustees were instructed to proceed to collect this note; Houser said, ' Why don't you see the assignees of Hershman and get the pro rata?' and then I understood Houser to say that he would pay the balance, or, that would be time enough. I remember that Houser said—or it was my understanding of what he said— that as soon as they would get the pro rata from Hershman's estate he would pay the balance; this is my best recollection; this was the only note the Lodge had against Houser; I think Palmer had the note along."

Reuben Senseman testified " that being instructed by Encampment to collect, he, on the 25th of June 1869, went to Houser, acquainting him with his instructions; Houser said we should just hold on, that there was no use making expense, that as soon as he knew what amount was wanting, after the assignees of Hershman would pay out the pro rata, or dividend, he would pay the balance; that he held collateral security which was hall and market stock. * * * I understood from Houser that he had $100 or $200 worth of hall and market stock. I reported back to the Lodge."

Henry Palmer stated " that he was a trustee in 1874, and on the 24th of January 1874, met Houser, and told him the trustees were instructed to collect the note; he told me to see the assignees and see what dividend they would pay; as near as I can recollect, he said he would pay the balance; after that King and myself met him, and the conversation in the presence of King was about the same as I had before with him."

[Senseman v. Hershman.]

Error assigned to the entering a judgment of compulsory nonsuit and in refusing the motion to set aside said judgment.

*L. A. Grunder* and *F. E. Beltzhoover*, for plaintiffs in error.— The court can only withdraw a case from the jury where evidence is *clearly insufficient:* Moore *v.* Miller, 8 Barr 273. If there be some evidence that should be submitted: Bevan *v.* Ins. Co., 9 W. & S. 187; Baker *v.* Lewis, 9 Casey 301. Construction of act relating to compulsory nonsuit: 1 Harris 265. As to acknowledgment sufficient to take the case out of the Statute of Limitations: Hazlebaker *v.* Reeves, 2 Jones 264; Davis *v.* Steiner, 2 Harris 275; Suter *v.* Sheeler, 10 Id. 308; Yaw *v.* Kerr, 11 Wright 333; Johns *v.* Lantz, 13 P. F. Smith 326; Patton's Executor *v.* Hassinger, 19 Id. 315; McClelland *v.* West, 20 Id. 187; Same *v.* Same, 9 Id. 487; Weaver *v.* Weaver, 4 Id. 152; Shitler *v.* Bremer, 11 Harris 414; Huff *v.* Richardson, 7 Id. 388; Hazlebacker *v.* Reeves, 9 Barr 258; Magee *v.* Magee, 10 Watts 172; Fries *v.* Boisselet, 9 S. & R. 131; Eckert *v.* Wilson, 12 Id. 397; Henwood *v.* Cheeseman, 3 Id. 500; Gleim *v.* Rise, 6 Watts 44; Gilbert *v.* Hoffman, 2 Id. 66; Boatwright *v.* Boatwright, Law Rep. 17 Eq. Cas. 74.

*Joseph Ritner* and *H. Newsham*, for defendants in error.

The judgment of the Supreme Court was entered, May 22d 1876,

PER CURIAM.—To take a case out of the Statute of Limitations there must be an acknowledgment of the debt as an existing obligation consistent with a new promise to pay it, or an express promise to do so. To be consistent with a promise to pay the debt, the acknowledgment must be such as indicates an intention to pay the debt existing at the time of the acknowledgment. The time of payment need not be immediate, but the intention to pay must be present. Hence any language inconsistent with this present intention must be inconsistent with a new promise; for a promise, if made at the time of the acknowledgment, necessarily imports a present willingness of the mind to enter into it. If the mind do not then intend, or is not then willing to pay, the very essential element of a contract is wanting. An acknowledgment is less in force than a promise, and hence the necessity of scrutinizing closely the extent of meaning the language of the acknowledgment has. In the present case the defendant, Houser, said, " Why don't you see the assignees of Hershman, and get the pro rata ? then he would pay the balance." To another witness he said, " Just hold on; that there was no use of making expense; that as soon as he knew what amount was wanting, after the assignees of Hershman would pay the pro rata or dividend he would pay the balance." This was an acknowledgment of an existing debt, but does it exhibit an intent to pay the *whole* note ? This suit is for the *entire* debt, the whole

[Senseman *v.* Hershman.]

of the note. Clearly it was not the intention of Houser, when he used this language, to pay the whole debt, but a balance only. His promise, which concluded the acknowledgment, was to pay the *balance* only, not the whole. It contradicts directly a then existing intention to pay the whole, and without this there is no acknowledgment consistent with a new promise to pay the note. It is argued that the promise was absolute for the whole debt, because no dividend was paid from Hershman's estate. This might be a cogent argument if we were considering an original undertaking for a sufficient consideration, for then the consideration moving to the promisee would assist to interpret his promise. But we are considering no original undertaking, but an acknowledgment to take a debt barred by limitation out of the statute. To do this the debtor must either promise expressly to pay the debt, a promise which the moral consideration would then support, or he must so unqualifiedly admit the debt to be then in full force, that a present and existing intention to pay it can be fairly inferred from all he said. Now a man cannot fairly be said to intend to pay the whole of a debt who expects and asks that a portion of it shall be collected from another. This is the point of the case, and his intention to pay the whole cannot be drawn from the subsequent fact that there was no dividend to be applied to the debt. It would be a confusion of thought to supplement an existing intent by referring it to a posterior circumstance. The application to the case of the maxim *id certum est quod certum reddi potest* is unsound, for it begs the question, which requires an acknowledgment or a promise which goes to the whole debt, before a balance can be ascertained. Without a dividend there can be no balance.

Judgment affirmed.