# Lawson *versus* McCartney.

1. The acknowledgment of a debt necessary to remove the bar of the statute of limitations must be clear, distinct and unequivocal, not only as to the existence of a debt, but of the particular debt to which it is sought to be applied.

2. The admissions of a debtor that he owed the debt and wished he could pay it, coupled with the expression of regret that he could not, but with no promise to pay, are not sufficient to toll the statute of limitations.

3. In an action upon a promissory note, barred by the statute of limitations, the plaintiff testified to a direct promise to pay within the six years. The defendant positively denied that he had made such promise, but had acknowledged to the plaintiff that he owed the debt, wished he could pay it and was sorry he could not. There was no other witness, and the court directed a verdict for the plaintiff. *Held*, that this was error, and that the case should have gone to the jury to find what language was used, and whether it fulfilled the requirements of the law.

October 23rd 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county:* Of October Term 1883, No. 41.

Assumpsit, by Andrew McCartney against Joseph B. Lawson upon a promissory note dated April 1st 1873 for $1,500 payable six months after date. Plea, non assumpsit infra sex annos.

On the trial, before WHITE, J., it appeared that the defendant had made an assignment in bankruptcy in July 1876 to McCartney, and his estate paid a dividend of 21 per cent. This suit was brought November 21st 1881 at which time defendant had not been discharged in bankruptcy. The plaintiff testified as follows: " On the 26th of June 1876, had a conversation with defendant ; he promised to pay me the note when I came back from Kansas, I was gone about four weeks, then went to see him in July. He said he would pay me, but couldn't do it then." On cross-examination he said " defendant was talking about me

[Lawson v. McCartney.]

going to Kansas. He said he would have my money ready for me when I returned. When I came back he had shut his doors. He said he would pay me, but could not pay me now. Don't think he said he would pay me when he got able."

The defendant testified as follows : " I never promised the plaintiff to pay the debt on the 26th of June 1876. I told him I wished I could pay him all I owed him. It was before he went to Kansas. Had two conversations in reference to what I owed him on the note; one was before he went to Kansas. While he was away I filed a petition in bankruptcy. In the first conversation he wanted me to promise to pay him when he returned. He may have thought I would. I said I was sorry I could not pay him all I owed him. I admitted I owed it. In the second conversation, after he returned, he wanted me to secure him in some way. I told him I could not, I had filed my petition in bankruptcy. I told him if he would let this go on—the proceeding in bankruptcy—I would do the best I could to pay him. Had only these two conversations ; the last was about the middle of July 1876. He did not show me the note. I knew it. I never disputed the debt."

There was no other evidence in the case. The court instructed the jury to find a verdict for the plaintiff. Verdict for plaintiff for $1,815.42 and judgment thereon, whereupon defendant took this writ assigning for error, inter alia, this instruction of the court.

*Duff* (with whom was *Alcorn*), for plaintiff in error.—The defendant refused to pay, refused to promise to pay in the future and merely admitted that the debt was owing. An admission to take the case out of the statute must be unqualified : Wesner *v.* Stein, 97 Pa. St. 322 ; Palmer *v.* Gillespie, 95 Pa. St. 340. The recognition of the debt must be consistent with a promise to pay; here it was accompanied by a refusal to pay and a refusal to promise to pay : Patton *v.* Hassinger, 69 Pa. St. 311 ; Watson *v.* Stem, 76 Pa. St. 121 ; Gleim *v.* Rise, 6 Watts 44. At least the court erred in not submitting to the jury the question whether or not there was a sufficient promise to take the case out of the statute.

*A. M. Brown* (with whom was *John S. Lambie*), for defendant in error.—An acknowledgment is sufficient if it admit the debt to be then in full force : Senseman *v.* Hershman, 82 Pa. St. 83 ; Palmer *v.* Gillespie, 95 Pa. St. 340 ; Wesner *v.* Stein, 97 Pa. St. 322. The law will here imply the promise without it having been actually made : Johns *v.* Lantz, 63 Pa. St. 324 ; Watson *v.* Stem, 76 Pa. St. 121 ; Senseman *v.* Hershman, supra.

[Lawson *v.* McCartney.]

The opinion of the court was delivered January 7th 1884 by Chief Justice MERCUR.

This suit was brought on a note, more than six years after it became due. The right to recover therefore rested on the ability of the plaintiff below to establish an express promise within the six years or such an acknowledgment as is clearly consistent with a promise to pay.

The acknowledgment necessary to remove the bar of the statute was fully considered in the recent cases of Palmer *v.* Gillespie, 14 Norris 340 ; and Wesner *v.* Stein & Greenawalt, 1 Out. 322. It must be clear, distinct and unequivocal not only as to the existence of a debt ; but of the particular debt to which it is sought to be applied.

There is no merit in the first or second specifications of error. They were not urged on the argument. The third specification is to the court having instructed the jury to find in favor of the plaintiff below for the amount of his claim. The only contention therefore now is whether the case should have been taken from the jury.

The parties were the only witnesses. Each testified in his own behalf, and to two conversations. The first was on the 26th of June 1876, the other sometime in July following. McCartney testified that the first was just before he went. to Kansas, that Lawson promised to pay the note when witness returned ; that he was absent about four weeks, and then saw Lawson, who said he would pay but could not do it then. On cross-examination, he testified that in the talk about going to Kansas, Lawson said he would have the money ready for him on his return. On the return of witness, he found Lawson had closed his doors, but the latter said " he would pay me, but could not pay me now."

Lawson testified that at " this first conversation in June, he did not promise to pay the debt :" but told him " I wished I could pay him all I owed him." Witness further said, " in the first conversation, he wanted me to promise to pay him. He may have thought I would, I said I was sorry I could not pay him all I owed him, I admitted I owed it." Lawson filed a petition in bankruptcy during the absence of McCartney. After his return, Lawson further testified, " he wanted me to secure him in some way. I told him I could not, I had filed my petition in bankruptcy. I told him if he would let this go on, I would do the best I could to pay him." He further said, " he did not show me the note. I knew it, I never disputed the debt."

Thus, it appears, the evidence as to whether there was any express promise to pay, is in direct conflict. It is very clear that question could not be taken from the jury.

[Hulton's Appeal.]

The other question relates to the sufficiency of the admission of the debtor to justify the court in holding as matter of law, that it tolled the statute. Are the admissions of the debtor that he owed the debt, with a wish he could pay him, and the expression of regret that he could not, and no promise to pay, all considered together, sufficient to justify the positive instructions of the court? We think they are not.

When a claim to recover a debt, barred by the statute, rests on the admission of the indebtedness, the acknowledgment thereof must be unqualified. It must be consistent with a promise to pay on demand. It must not be accompanied by such other expressions as indicate a willingness to pay at some future time: Kensington Bank *v.* Patton, 2 Harris 479. No implication less than this will toll the statute. The language should be so clear, as to preclude hesitation as to the debtor's meaning.

In the present case, the whole evidence did not authorize the court to declare as matter of law, a right to recover on the admission. The case should have been submitted to the jury, under proper instructions, to find what language was used, and whether it came up to the requirements of the law.

Judgment reversed and a venire facias de novo awarded.