# THE SUPREME COURT

OF

# PENNSYLVANIA.

113    1
137   52
113   1
114  18;
113   1
20 SC ¹125

## EASTERN DISTRICT—PHILADELPHIA, 1886.

## Shaeffer *versus* Hoffman *et al.*

1. To take a case out of the Statute of Limitations it is not essentially necessary that the promise be actual or express, provided that the other necessary facts are shown. A clear, distinct, and unequivocal acknowledgment of the debt, an admission consistent with a promise to pay is sufficient. The law in such a case will imply the promise without its having been actually or expressly made.

2. The debtor acknowledging the execution of the note, saying "it must be fixed, I and W. will have to pay it," is not such an acknowledgment of the debt as implies a promise that he will pay it, and does not, therefore, toll the statute.

April 27th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Northumberland county:* Of January Term, 1886, No. 15.

Assumpsit brought February 16th, 1882, by Samuel Shaeffer against H. Weist and D. Weist, partners trading as H. & D. Weist, and Jacob Hoffman, on a promissory note dated April 1st, 1871, for $1000 payable one year after date, drawn to the order of the plaintiff by the defendants.

Summons served on Jacob Hoffman; *nihil* as to the other defendants. Pleas, non assumpsit, *infra sex annos*, payment with leave.

Pending the action Jacob Hoffman died, and his executors were substituted of record.

The following are the facts as they appeared on the trial before ROCKEFELLER, P. J.:

On April 1st, 1871, H. Weist and D. Wiest were partners trading as H. & D. Wiest, at Uniontown, Dauphin county,

3 AMERMAN—1

[Shaeffer *v.* Hoffman et al.]

Pa., and together with Jacob Hoffman, gave their note to Samuel Shaeffer, the plaintiff, dated April 1st, 1871, for the sum of $1,000, with interest, for cash loaned them. The firm of H. & D. Wiest subsequently became bankrupt. In 1879, within six years next preceding the bringing of this suit, Samuel Shaeffer called upon Jacob Hoffman, the defendant, several times for payment of the note. At one of these times James Stroecker was present. It was at this time that Shaeffer asked Hoffman to pay the note. Hoffman asked him whether he had the note with him. He said he had, and produced it, and Hoffman took it, looked at it, said " it was his name ; he signed it ; he bailed it ; that it must be fixed ; that he had to pay it ; that he and William must pay it."

On the 11th day of December, 1882, the cause came on for trial, but was continued at the instance of defendants on account of defendant's illness. Plaintiff moved for a short *ex parte* rule to take the deposition of Jacob Hoffman, the defendant, as of cross-examination, and of Samuel Shaeffer, the plaintiff. Plaintiff gave notice that the depositions would be taken at the house of defendant on the 21st day of December, 1882, between the hours of 1 o'clock P. M. and 9 P. M. The rule was duly served and the deposition of plaintiff taken, the defendant's counsel being present, but refusing to take part any further than to have his objections noted, alleging that defendant was too ill to participate in the proceeding. The affidavit on the back of the *rule* and notice set out the service of the rule, but did not state that the *notice* was served. The court allowed proof of the service of the notice to be made. The plaintiff then proposed to offer the deposition in evidence. The material part of the deposition is set forth in the opinion of the Supreme Court.

Defendant's counsel asked leave to call witnesses in reference to the service of the notice and the mental and physical condition of the defendant at the time of the service of the rule and the taking of the deposition, which the court allowed. The court rejected the deposition on the ground that, at the time of entering the rule, at the time of service thereof, and at the time of the taking of the deposition, the defendant was upon his death bed, and was physically and mentally unable to transact business, and that the deposition did not tend to prove an acknowledgment or promise that would take the debt out of the operation of the Statute of Limitations. The plaintiff then renewed the offer, coupled with an offer to put the plaintiff upon the witness stand for cross-examination, which the court rejected. Plaintiff then offered to put D. Wiest, one of the makers of the note, upon the witness stand for the purpose of proving an arrangement

[Shaeffer v. Hoffman et al.]

entered into between himself, William Hoffman and Jacob Hoffman, and which arrangement plaintiff assented to, by which arrangement Jacob Hoffman had acknowledged the debt. The court rejected the offer on the ground that the suit was against executors, and that, in the event of a recovery against defendants, Wiest would be liable to pay them the amount of the note. The offer was renewed as an explanation of James Stroecker's testimony, when he testified that Jacob Hoffman had said in his conversation with Shaeffer in 1879: "I and William will have to pay it," referring to the note in suit, which plaintiff showed him at that time. The court rejected the offer on the same ground. The defendant gave no evidence except the deposition of James Stroecker taken by plaintiff when Stroecker was about to leave. The deposition was offered for the purpose of contradicting Stroecker's testimony. The court directed the jury to find a verdict in favor of defendant.

Verdict for the defendant, and judgment thereon, whereupon the plaintiff took this writ, assigning for error, inter alia, the instruction of the court to the jury, to find a verdict for the defendant.

*George B. Reimensnyder* (*J. J. Reimensnyder* with him), for plaintiff in error.—In the case of Evans v. Reed, 78 Pa. St., 415, this court held that "the intent of the third section of the Act of April, 1869, authorizing testimony of parties to be taken by 'deposition,' etc., was to permit the deposition of a party to be taken for the perpetuation of his testimony against *all contingencies which might arise*, whether of absence or death." They further say that "this case was not brought by or against an executor, administrator or guardian. It does not, therefore, fall within the proviso of the first section of the Act of April 15th, 1869. It was an action between parties in their own right." The language of the court in the case cited applies with equal force to the case at bar. The action was commenced in the lifetime of the parties and the deposition was taken when both parties were competent witnesses. Sickness of one party will not prevent the other party from perpetuating his own testimony: See also Hay's Appeal, 91 Pa. St., 265; Pratt v. Patterson, 81 Pa. St., 114.

The interest of the witness D. Weist was adverse to the plaintiff and the plaintiff had the right to call him. The note being a joint note defendant could not set up that he was bail for the witness against the payee in the note: Byles on Bills, p. 8. But it is not material whether he was a surety or a principal, as the interest of the witness was equally adverse to that of the plaintiff.

[Shaeffer *v.* Hoffman et al.]

As an explanation of the testimony of James Stroecker when he testified that defendant said "I and William will have to pay it," referring to the conversation between plaintiff and defendant in the presence of Stroecker in 1879, we think it was material and should have been received. It was a question for the jury to consider together with the evidence of James Stroecker, in making up their verdict as to what language was used by the defendant and whether it came up to the requirements of the law. It incidently shows a joint liability on the part of Jacob and William Hoffman, as between themselves, but it also shows that Jacob Hoffman intended to pay the note in suit when he had the conversation with the plaintiff: Palmer *v.* Gillespie, 95 Pa. St., 340; Wesner *v.* Stein and Greenwalt, 97 Pa. St., 322; Lawson *v.* McCartney, 8 Out., 356.

*S. P. Wolverton*, and *J. Nevin Hill* (*George Hill* with them), for defendants in error.—1. The following are all cases in which the admissibility of the evidence of a deceased person, or the evidence of a party taken before the death of his opponent, was considered, and which we believe established the principle or rule that such evidence is inadmissible unless at the time it was taken the parties were on an equal footing, were or could have been present to prompt cross-examination, and could have perpetuated their own testimony: Anderson *v.* Reed, 28 P. F. S., 415; Speyrer *v.* Bennett, 29 P. F. S., 445; Pratt *v.* Patterson, 31 P. F. S., 114; Freynogle *v.* Anderson, Hay's Appeal, 10 Nor., 265.

2. In order to take a case out of the operation of the Statute of Limitation, an acknowledgment of the debt must be distinct and unequivocal, and so distinct as to preclude hesitation.

In Emerson *v.* Miller *et al.*, 3 Cas., 278, the defendant said "that he would attend to it, fix it, or settle it before he went away." Held not sufficient: See also Wesner *v.* Stein, 1 Out., 322; Miller *v.* Bashore, 2 Norris, 356; Weaver *v.* Weaver, 4 P. F. S., 152; Shaffer *v.* Shaffer, 5 Wr., 51; Morgan *v.* Walton, 4 Barr, 321; Kensington Bank *v.* Patton, 2 Harris, 479; Junior S. F. E. Co. *v.* Douglas, 2 Pa. St., 63; Gillingham *v.* Gillingham, 5 Har., 302; Kyle *v.* Wells, 5 Har., 286; Bolt *v.* Sterner, 2 Pa. St., 154; Morgan *v.* Walton, 4 Barr, 321; Morgan *v.* Carpenter, 2 W. N. C., 306; Jenseman *v.* Hersman, 2 W. N. C., 693; McClellan's Exrs. *v.* West, 9 P. F. S., 487; Lawson *v.* McCartney, 8 Out., 356.

Mr. Justice PAXSON delivered the opinion of the court May 17th, 1886.

[Shaeffer *v.* Hoffman et al.]

Whether the rejection of the plaintiff's deposition was erroneous or otherwise is not a material question in this case. There was nothing in the deposition to take the note in controversy out of the statute; hence its rejection did the plaintiff no harm. The following is the material part of the deposition : " Witness says : four years after the date of the note, he showed note to Jacob Hoffman, and twice since ; he said each time, this note had to be fixed, and on one of these times he said he and William had to pay it. About two years after he had showed Jacob Hoffman the note the first time, he showed it to him the second time, and it was at this time (the second time) that he said he and William would have to pay it. (Means William Hoffman.) About two and a half or three years after he had shown Jacob Hoffman the note the second time, he showed it to him the third time, when he said yes ; he signed it ; that it was his name, and it would have to be fixed. This spring it was two years that I had the conversation with Jacob Hoffman concerning this note, when he again said it had to be fixed. Witness says that frequently, within six years, prior to the bringing of this suit, Jacob Hoffman said that it had to be or must be fixed."

In order to understand this deposition, it must be borne in mind that, by an exceedingly awkward arrangement, the witness is made to speak in the third person. The language is not literally that of the witness, but of the justice of the peace who took it down, and he has accompanied it with explanations of what he supposes the witness to mean. But taking the deposition for all it is worth, it does not make out the plaintiff's case. It is not such an acknowledgment of the debt from which an unequivocal promise to pay can be inferred. It does not prove an express promise to pay, nor an implied one. The acknowledgment of his signature to the note would not of itself be an acknowledgment of the debt. The latter might have been paid or there might be a valid defence to it. The expressions that it must be " fixed," and that " he and William would have to pay it," are equivocal. In the one instance it is not the equivalent of " pay " ; in the other it involves another person, and may refer to a supposed liability rather than a present intention to pay. Such expressions as these were held insufficient to toll the statute in Emerson *v.* Miller, 27 Pa. St., 278. " The decisions of this court apply very strict rules to acknowledgments to take a case out of the Statute of Limitations, and very rightly so. We mean to adhere to them in letter and spirit " : Johns *v.* Lantz, 63 Id., 324. It is not essentially necessary that the promise be actual or express, provided that the other necessary facts are shown. A clear, distinct and unequivocal acknowledgment of the debt is suffi-

cient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise, without its having been actually or expressly made: Palmer *v.* Gillespie, 95 Pa. St., 340. Tested by this rule we find nothing in the deposition to toll the statute.

Nor do we think the testimony of the witness, James Stroecker, is any stronger. Without quoting it at length, it is sufficient to say that the defendant acknowledged that he signed the note as bail, and that he and William Hoffman "would have to pay it," or that "they would have to pay it." The witness puts both expressions in the mouth of the defendant. Neither is sufficient. A statement by the defendant that he and some one else would have to fix a note, or would have to pay it, contains nothing from which an implied promise that the defendant alone would pay. And it has been already seen that the acknowledgment must be consistent with a promise to pay.

As there was nothing in this case to toll the statute, the court below did not err in directing a verdict for the defendant. This renders a discussion of the remaining assignments unnecessary.

*Judgment affirmed.*