## Markee, Appellant, *v.* Reyburn, Administrator.

*Statute of limitations—Acknowledgment of debt — Insufficient evidence—Statement of claim—Evidence—Self-serving declaration —Book of original entries.*

1. To toll the statute of limitations there must be a clear and unequivocal acknowledgment of the debt and a specification of the amount or a reference to something by which the amount can be definitely ascertained, coupled with an express or implied promise to pay.

2. In an action against the administrator of a decedent's estate for an indebtedness of over $4,000 incurred more than six years before suit, plaintiff contended that the statute of limitations had been tolled by a promise to pay within six years. The evidence relied upon was that a witness had called upon decedent at his office and stated that plaintiff needed his money, that the witness had a statement of decedent's indebtedness in his pocket; that decedent took a statement out of his drawer and said that the claim was correct and he would pay a part of the debt on Saturday. The witness testified that he could not tell the amount due by that statement without looking at the books, "it was thirty-nine hundred and something." The witness did not present the statement he had in his pocket or see the writing on the paper which decedent took from his drawer.

*Held,* the evidence was not sufficient to identify the debt, fix the amount, or toll the statute of limitations and a verdict was properly directed for the defendant.

3. In such case there is no merit in the contention that the offer in evidence of the statement of claim containing a credit for an amount alleged to have been paid on account within six years of the action was sufficient to take the case to the jury, such allegation in the statement being a self-serving declaration. The book of·original entries showing the credit should have been offered.

Mr. Chief Justice BROWN dissents.

Argued March 21, 1917. Appeal, No. 394, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1914, No. 3006, on verdict for defendant, in case of William T. Markee v. William S. Reyburn, Administrator of the Estate of John E. Reyburn, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for the maintenance and boarding of horses and for money expended by plaintiff for defendant's benefit. Before MCMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Joseph S. Goodbread,* for appellant.—The decedent's promise to pay the debt was sufficient to toll the statute of limitations: Henry v. Zurflieh, 203 Pa. 440; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114; Johns v. Lantz, 63 Pa. 324.

*Frank A. Moorshead,* with him *Howard Burtt,* for appellee.—Plaintiff's evidence was not sufficient to toll the statute of limitations: Emerson v. Miller & Cantwell, 27 Pa. 278; Hazlett v. Stillwagen, 23 Pa. Superior Ct.

114; Ward v. Jack, 172 Pa. 416; Morgan's Administrators v. Walton, 4 Pa. 321; McClelland's Executor v. West, 59 Pa. 487; Shaeffer v. Hoffman et al., 113 Pa. 1; Keener v. Zartman, 144 Pa. 179; Shaffer's Est., 228 Pa. 36.

OPINION BY MR. JUSTICE FRAZER, May 22, 1917:

Plaintiff's action against the administrator of the estate of John E. Reyburn, deceased, is to recover the sum of $4,036.15 with interest, being the balance claimed to be due on a book account extending over a period of years from 1903 to 1908 for maintenance and boarding of horses and money expended by plaintiff for defendant's benefit. The copy of the account attached to the amended statement of claim showed several credits, none of which was within six years previous to the beginning of suit on July 14, 1914. The original statement of claim showed a credit of $700 on July 16, 1908, and defendant, believing no defense existed to the claim, omitted filing an affidavit of defense, and permitted plaintiff to take judgment. Subsequently defendant discovered the payment entered as of July 16, 1908, was in fact made in 1907, instead of 1908, and thereupon took a rule to show cause why the judgment should not be opened which was later made absolute. Plaintiff, however, was permitted to file an amended statement setting up a payment on account under date of December 30, 1911, and an acknowledgment of the debt and promise to pay made December 11, 1908. Defendant in his affidavit of defense denied the alleged payment on account and pleaded the statute of limitations. At the trial of the case plaintiff offered in evidence the statement of claim admitting receipt of $100 on account, but gave no further evidence concerning the payment. The trial judge held the evidence of acknowledgment of the debt insufficient to toll the statute of limitations and directed a verdict for defendant. A motion by plaintiff for judgment non obstante veredicto was overruled and this appeal followed.

Plaintiff suggests the statement offered in evidence containing credit for $100 paid in 1911 was in itself sufficient to take the case to the jury. In answer to this contention it is sufficient to say the payment was denied and in absence of actual proof on plaintiff's part the mere offer of the statement of claim was without probative effect. The books of original entries, showing the credit, were not proved and offered in evidence within the rules governing the admission of such entries, and in absence of such proof the allowance of credit in the statement was a mere self-serving declaration made by the party in his personal books and not competent evidence against the debtor: Hottle v. Weaver, 206 Pa. 87; Murphy v. McMullin, 219 Pa. 506.

The evidence relied upon as an acknowledgment of the debt is the testimony of a witness who, at the request of plaintiff, called upon Reyburn at his office in city hall on December 11, 1908, when the following conversation took place: "I told him what I wanted. I said Mr. Markee wanted to go west on Saturday to St. Louis and he needed money. And he got the statement out of the drawer. Q. What statement? A. The statement he had got the first of the month. Mr. Markee had sent him a statement .............. Q. Did you see it? A. Well, I saw him pull it out and look at it. I did not particularly notice it. Q. What did he say? A. Well he said 'Tell Bill to come in on Saturday and I will pay him part of that' or something to that effect. Q. Do you know the amount that was due by that statement? A. I couldn't tell without looking at the books. It was thirty-nine hundred and something." On being further questioned as to exactly what was said at the interview the witness testified: "Well, it was in the mayor's office that I saw him, and I had a statement in my pocket, but I didn't have to use that, for he pulled his out of the drawer. And I explained about Mr. Markee wanting to go west on Saturday. This was on Friday that I was there. And he said 'Well, you tell Bill the claim is all right and

I will pay.' I went back and told Mr. Markee that I supposed he was going to pay him Saturday morning. So he went to see him." On cross-examination the witness further testified: "Q. Who made up this statement of account that you say you took to Mayor Reyburn's office?   A. Well, I just took a statement from Mr. Markee. Q. Did he go over that statement?   A. He took it out of the drawer and compared it with mine. They were just the same. But he knew exactly what the statement was, for I had seen it before two or three times." The witness did not present the statement he had in his pocket, nor did he see the one Reyburn took from his desk drawer. The only way the witness was able to fix the amount definitely was by referring to the books and relying upon his inference that the paper taken from the drawer was the one sent by plaintiff to Reyburn and that it contained the items and total amount shown by the memoranda in the pocket of the witness. While the witness subsequently testified Reyburn "already had the statement" from plaintiff which he took from the drawer "and compared it with mine. They were just the same. But he knew exactly what the statement was, for I had seen it before two or three times," this testimony when viewed in the light of his previous recital of what was said at that meeting could not be accepted as proof that the two papers were actually physically compared. The witness was apparently attempting to testify to his personal mental conclusions as well as those of Mayor Reyburn. On the whole, the evidence of identification and acknowledgment of the debt is not so clear and unequivocal as we have repeatedly held necessary to toll the statute of limitations. The principles governing such proof were stated in the recent case of Maniatakis's Est., 258 Pa. 11. The facts in this case, so far as the identification of the debt is concerned, are no stronger than those in Lowrey v. Robinson, Admr., 141 Pa. 189. The language there used particularly applicable here, is as follows (page 195) : "It is noticeable that there is not in the con-

versation detailed by Townsend any admission by Robinson that he was indebted to Lowrey for borrowed money in any sum whatever, nor any promise to pay him any sum at any time. The bill which was presented to Robinson was not exhibited on the trial, and no attempt was made to account for its nonproduction. The items of it showing dates and amounts were not given. The inferences of counsel, though assented to by the witness, are not a satisfactory substitute for the declarations of the party whose estate it is sought to charge, nor is the statement of the witness that 'the bill said forty dollars' a sufficient identification of the alleged loan."

To toll the statute of limitations there must be a clear and unequivocal acknowledgment of the debt and a specification of the amount or a reference to something by which the amount can be definitely ascertained, coupled with an express or implied promise to pay: Ward v. Jack, 172 Pa. 416. These requirements will be strictly enforced: Shaeffer v. Hoffman et al., 113 Pa. 1; Shaffer's Est., 228 Pa. 36. The evidence in this case, at least so far as the identification of the debt and its amount is concerned, does not meet these requirements.

The judgment is affirmed.

Mr. Chief Justice BROWN dissents.