Benton, to use, *v.* Freedom Township Supervisors, Appellants.

Argued October 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John Woodcock,* and with him *B. F. Warfel,* for appellant.

*Robert W. Smith,* for appellee.

Opinion by Cunningham, J., May 3, 1935:

The action below was assumpsit by the holder of a warrant issued in the sum of $110 by the supervisors of the defendant township. A verdict was returned in favor of the plaintiff for the amount of the warrant with interest from the date of suit; the township's motions for judgment in its favor n. o. v. and for a new trial were overruled and judgment entered upon the verdict; this appeal is by the township from that judgment.

Uncontroverted facts appearing from the record may be thus summarized: In 1923 Fred Benton, the legal plaintiff, hired certain trucks to the supervisors of Freedom Township, Blair County, which were used in hauling ashes for the repair of its roads. On March 14, 1923, the warrant in suit was issued to him in full settlement of his account. Benton had continuous dealings with a merchant named H. C. Burger, the present use-plaintiff, and assigned the warrant to him as "a sort of collateral" to secure payment of his indebtedness as it might exist from time to time. Early in 1931 Burger's title to the warrant became absolute and on October 20, 1931, more than eight and one-half years after its date, he brought suit upon it before a Justice of the Peace. From the judgment rendered against it in that tribunal, the township appealed to the court below.

The only substantial defense interposed at the trial was the bar of the statute of limitations. As the pleadings showed on their face that the statute apparently had run, the use-plaintiff had the burden, from the beginning, of producing evidence from which a jury could properly be permitted to find that its running had been tolled.

In endeavoring to carry this burden he attempted to show lack of funds at the disposition of the supervisors as the reason for nonpayment; acknowledgment of the

debt, both before and subsequent to the expiration of the statutory period of six years, and promises to pay it.

Burger was, therefore, required, under many familiar decisions, to prove a clear, distinct and unequivocal admission and recognition of this debt—an acknowledgment consistent with such a promise to pay it as would be binding upon the township. Cf. Palmer v. Gillespie, 95 Pa. 340; Werner v. Stein and Greenawalt, 97 Pa. 322; Lawson v. McCartney, 104 Pa. 356.

His counsel cites and relies upon Shaeffer v. Hoffman et al., 113 Pa. 1, 4 A. 39, and quotes this paragraph from the syllabus: "To take a case out of the statute of limitations, it is not essentially necessary that the promise be actual or expressed, provided that the other necessary facts are shown. A clear, distinct and unequivocal acknowledgment of the debt, an admission consistent with a promise to pay is sufficient. The law in such a case will imply the promise without its having been actually or expressly made."

In that case the Supreme Court was considering an alleged acknowledgment of a debt by an individual; but we are here dealing with asserted admissions and promises claimed to have been made on behalf of, and to be binding upon, a quasi-municipal corporation.

A township order is not such a negotiable instrument that a holder of it may sue thereon in his own name, nor does it ordinarily bear interest prior to the date of bringing suit; hence the form of action here adopted and the restriction of interest in the verdict: Township of Snyder v. Bovaird, 122 Pa. 442, 15 A. 910.

Both Benton and Burger testified to demands for payment of the warrant. Whether it should be paid or the debt acknowledged, particularly after the statute had run, was not a mere ministerial matter in which a single supervisor might bind the township.

There is not a particle of evidence upon this record

that any board of supervisors of the defendant township ever formally recognized or acknowledged this debt, or authorized any of their members to do so.

With a single exception, the testimony of Burger and his witnesses is exceedingly vague and indefinite. It consists largely of proof of casual remarks by single supervisors, at and outside of meetings, to the effect that "they didn't have the money ...... they would like to pay if they could," etc.

The exception to which we refer is the testimony of Ross Benton. He is a brother of the legal plaintiff and was one of the supervisors who issued the order. An excerpt from his testimony reads: "Q. Did you make promise of payment for that bill? A. Yes, sir, I did. Q. Why wasn't it paid? A. No money. The township was in debt from the time I went in until I went out. I guess it is in debt yet. ...... Q. When did your term of office expire? A. The first Monday of December, 1925. Q. When did you make these promises to your brother? A. Well, I can't go back to any date. It is some time in that time. Q. Was it '24 or '23? A. I promised to pay it. It is hard to go back. It was in that time that I was in. Q. We want to know whether it was '23 or '24. A. I would say '25 to make sure of it. Q. You just met him on the highway, did you? A. No, I didn't meet him on the highway. Q. His home? A. His home and mine or pretty much together. Q. Did you in a conversation say, 'Yes, we will pay you that'? A. Yes, I did. Q. It wasn't at a board meeting? A. No, it wasn't at a board meeting."

An illustration of the indefinite character of Burger's own testimony follows. With relation to his demand for payment, his testimony reads: "Q. When did you make your demand on them for payment? A. I made it within six years but I don't just know the date. Q. What was the reply? A. That they didn't

have the money. That is, they didn't have the money to pay me; whether they had it or not I don't know. ...... By the Court: Q. Mr. Burger, the existence of this debt within six years is an important factor and since you are so familiar with the affairs of the township and have had to do with this order it seems to me that you can inform the jury with more certainty concerning the demands made upon the treasurer whom you have named. Just to say that it was within six years is very general; in fact, it is too general. I think you should be able to say what year you made such demand? A. Well, perhaps I can do that. I will say I made demand in 1931 and just before we brought suit. Q. Upon whom? A. Upon Mr. Snowberger. Q. Was he treasurer at that time? A. Yes."

It is quite clear, in reason and under the authorities, that in order to toll the statute the acknowledgment by a quasi-municipal corporation of an existing debt must take the form of action by the proper board in its official capacity: Union Township v. Gibboney & Nelson, 94 Pa. 534; Somerset Township v. Parson, 105 Pa. 360; Machine Company v. Washington Township, 9 Pa. Superior Ct. 105; Wheeled Scraper Co. v. Butler Township, 24 Pa. Superior Ct. 477; 37 Corpus Juris, 1136, Secs. 613-4.

Another contention made by counsel for plaintiff is that as the warrant "fixes no time for payment" the debt represented thereby did not become due until demand was made, and as the record shows no demand prior to December, 1925, the present suit (brought on October 20, 1931) was not barred by the statute.

This contention is without merit. The right of action in the legal plaintiff arose out of the fact that he rendered the services to the township. An implied promise to pay came into existence forthwith. The warrant merely fixed and evidenced the amount agreed to be paid and, in its own language, furnished "a

sufficient voucher for the treasurer in settlement of his accounts."

When all the evidence is considered in the light most favorable to the plaintiff, it is clear, in our opinion, that it was not sufficient to take the case to the jury. Defendants' point for binding instructions should have been affirmed, or its subsequent motion for judgment in its favor, notwithstanding the verdict, granted. We sustain the first and second assignments.

Judgment reversed and here entered for defendants.