## Osborne v. Ridgebury Township

*William G. Schrier* and *James W. Beaman*, for plaintiff.

*William Rosenfield*, for defendant.

LITTLE, P. J., thirty-fourth judicial district, specially presiding, January 31, 1939.—On March 5, 1934, plaintiff, Elmer Osborne, filed his præcipe in assumpsit and statement of claim, basing his right of recovery on a certain note given by defendant through its supervisors under date of May 12, 1920, alleging the sum of $2,-057.70 to be due thereon with interest from December 12, 1936. The case came to trial May 11, 1938, and resulted in a verdict for plaintiff on May 12, 1938, in the sum of $1,995. Plaintiff filed motion for judgment non obstante veredicto and motion for new trial, both of which were argued on December 30, 1938.

### Discussion

Defendant contends that the court erred in overruling its motion for compulsory nonsuit at the close of plain-

tiff's case, and presses as its first reason that the court erred in admitting an extract from the record of the case of Athens National Bank v. Ridgebury Township, May term, 1928, no. 273, in the Court of Common Pleas of Bradford County, offered by plaintiff to toll the bar of the statute of limitations.

Plaintiff contends that the statute of limitations was tolled because defendant within six years of the bringing of the suit acknowledged the existence of the debt, which acknowledgment was consistent with a promise to pay. The offer of this record containing the alleged acknowledgment is as follows:

"By Mr. Beaman, of counsel for the plaintiff. Now, if the court please, on behalf of the plaintiff we offer in evidence from the official stenographer's notes of testimony in the case of Athens National Bank against Ridgebury Township, no. 273, May term, 1928, volume one at page 118, the following offer made among others of the note here in suit,—

"By Mr. Rosenfield, counsel for the defendant: What is the purpose of the offer, Mr. Beaman?

"By Mr. Beaman, of counsel for the plaintiff: This is for the purpose of showing that this same note was presented in evidence as part of the indebtedness of Ridgebury Township in the suit of Athens National Bank against Ridgebury Township at no. 273 May term, 1928, for the purpose of availing itself of the indebtedness or rather the defenses that the indebtedness that the Athens National Bank was given was in excess of its legal limitations of indebtedness, and thereby admitting the giving of the note.

"By Mr. Rosenfield, counsel for the defendant: That is objected to as being incompetent, irrelevant, and immaterial.

"By Mr. Beaman, of counsel for the plaintiff: The purpose of this offer being to toll or prevent the running of the statute of limitations, the offer in evidence having

been made in the trial of a case held in the month of September 1928.

"By Mr. Rosenfield, counsel for the defendant: It is objected to as being incompetent, irrelevant and immaterial. . . .

"By Mr. Beaman, counsel for the plaintiff: . . . it is offered for the further purpose of showing an acknowledgment by the Township of Ridgebury in a proceeding and showing the existence of an obligation and showing that the note was in existence on September 18, 1928, and also for the purpose—we also offer the record of the testimony of Elmer Osborne called as a witness on the part of Ridgebury Township as appearing in volume one on pages 113 and 114 of the official stenographer's notes of testimony in the above entitled case, this for the purpose of showing that it was established by the defendant at that time, that is Ridgebury Township, through the evidence of Elmer Osborne that, on the 18th day of September, 1928, the said note for $2,140 was all unpaid with the exception of a payment of $1,021.41, made in the fall of 1920 and the interest paid on July 12, 1921, and July 12, 1923.

"By Mr. Rosenfield, counsel for the defendant: All of which is objected to as being incompetent, irrelevant and immaterial. It is further objected to for the reason that in connection therewith counsel for the plaintiff states that the offer made at that time was for the purpose of showing what the indebtedness of the Township of Ridgebury was, in that case, and if it is to be received in evidence it should include as a part of it, the record or statement of Mr. Mitchell, counsel for the plaintiff in that case, showing that the question in the mind of counsel at that time was the indebtedness of Ridgebury Township at the time when the contract, when they contracted this indebtedness,—this is long after 1920, or 1922 or 1923, and there is no admission of liability or promise to pay on the part of Ridgebury Township. . . .

"By Mr. Rosenfield, counsel for the defendant: Counsel for the defendant further objects to the offer for the further reason that it does not include the conversation with Mr. Mitchell, counsel for the plaintiff, following the offer of Mr. Fanning, the counsel for the defendant in that bank case, which appears on page 118 of the stenographer's notes of testimony in that case, and is as follows:

" 'By Mr. Mitchell, counsel for the plaintiff: The admission of these orders and notes is objected to:

" 'First. For the reason that the indebtedness of the Township of Ridgebury at the time of contracting its indebtedness to the Athens National Bank is immaterial and irrelevant, to affect the right of the plaintiff to recover in this case.

" 'Second. That the evidence does not disclose that the various orders and notes were a valid indebtedness of the township at the time of the contracting of the debt of the Athens National Bank, on which suit is brought in this case.'

"All of which must be taken in connection with the statement of Mr. Fanning in order to determine the full significance of the conversation.

"By the court (addressed to counsel for the plaintiff): Do you include that in your offer in behalf of the plaintiff?

"By Mr. Schrier, of counsel for the plaintiff: We object to putting that in as part of the offer—I cannot see how any statement of counsel for the plaintiff, the bank, would be evidence in this case.

"By Mr. Rosenfield, counsel for the defendant: We further object to the offer for the reason that the offer does not set forth that which the plaintiff alleges and for the further reason that counsel for the defendant in that case had no right to make any binding offer such as it alleges was made in that case, and for the further reason that the entire matter is immaterial and cannot be admitted unless the pleadings in that case are fully placed before this jury.

"By the court: The objections are overruled, with exception noted and bill sealed for the defendant."

The offer on page 118 of the record of the previous trial is as follows:

"Mr. Fanning, counsel for defendant: The defendant offers in evidence in this case defendant's exhibits 4 to 30 inclusive; being township orders and notes already identified by the witnesses:

"For the purpose of showing, or tending to show, the outstanding obligations of indebtedness of the Township of Ridgebury."

The testimony of Elmer Osborne, given in the Athens National Bank case, concerning the note here in question, offered as above (the note now sued upon being defendant's exhibit no. 26 in that case) and admitted in evidence, follows:

"Elmer Osborne, a witness called upon the part of the defendant, being duly sworn according to law, testified as follows:

DIRECT EXAMINATION

MR. FANNING, counsel for defendant:

Q. Mr. Osborne, you live at Athens?
A. Yes, sir.
Q. State whether or not on or about May 12, 1920, you had a business transaction with the supervisors of Ridgebury Township?
A. Yes, sir.
Q. What was that transaction?
A. I sold them a tractor to work the roads with.
Q. What sort of a tractor?
A. International, No. 1,530.
Q. State whether or not that was delivered to them and had by them and used by them?
A. Yes, sir.
Q. State what, if anything, you took representing the amount of the purchase price of that tractor at that time from the township?

A. I took a note.

Q. I show you defendant's exhibit no. 26, being a note dated May 12, 1920, for $2,140 signed by Mack C. Thompson, secretary, M. McCarthy, treasurer, Woodford May, and to the right 'Supervisors of Ridgebury Township'. State whether or not that is the note that was issued to you representing the purchase price of the road machine.

A. Yes, sir.

Q. What part of that has now been paid?

A. Well, that same fall they paid, as it shows on the back there, $1,021.41; then, I think, thereafter they paid the interest for 1921 and 1922.

Q. Look at the note and see if that is correct,—just when the interest was paid to on that note.

A. Well, interest paid to July 12, 1920; then it was paid July 12, 1921, and it was paid July 12, 1923.

Q. Then the amount remaining unpaid on this note is the difference between $2,140.41, as you understand?

A. Yes, sir.

The Court (addressing witness):

Q. And interest from 1923?

A. Yes, sir.

CROSS-EXAMINATION

MR. SCHRIER, counsel for plaintiff:

Q. At the time you sold this tractor it was the date as represented on this note, May 12, 1920?

A. Yes, sir."

This completes the evidence relied upon by plaintiff to toll the bar of the statute of limitations, but it must be considered in connection with evidence produced by defendant, consisting of another offer of evidence made by defendant's attorney in the Athens National Bank case, which apparently was an offer of the testimony of a certain other witness, to be followed by other evidence, part of which was the testimony of Elmer Osborne, which offer is contained on page 93 of the previous record and is as follows:

"Mr. Fanning, counsel for defendant: We propose to prove by the witness upon the stand, by the orders themselves later, that at the time of the contracting of the township debt to the bank in 1922 and 1923 there were outstanding obligations or indebtedness against Ridgebury Township aggregating more than two percent of its assessed value.

"Mr. Mitchell, counsel for plaintiff: We object to the admission of this testimony unless it is proposed to show that the indebtedness referred to obligations outstanding which were valid subsisting indebtedness legally contracted by the township at the time the orders or obligations were issued.

"The court: The objection overruled. An exception is noted for the plaintiff, and a bill sealed."

The above portion of the former record was offered in this case by defendant and received in evidence.

The plaintiff's offer in this trial of the offer made by Mr. Fanning, counsel for defendant in the former trial, shows that the exhibits were offered at that trial "for the purpose of showing, or tending to show, the outstanding obligations of indebtedness of the Township of Ridgebury." The offer at the former trial did not state at just what time the attorney meant to show the outstanding obligations of indebtedness of the township. But when considered with the preceding offer made by Mr. Fanning on page 93 of the former record, it is apparent that he did not intend to show the obligations of the township existing at the time the Athens National Bank case was tried, but at the time its note was given, in 1922 or 1923, thereby making it apparent that he as attorney for the township did not intend to establish the indebtedness as of the time of trial.

Plaintiff cites Mitchell, Receiver of the Liberty Clay Products Co., 291 Pa. 282, as authority for the principle that "Where a party admits of record the existence of a debt, he cannot thereafter assert that it is barred by the statute." This quotation is taken from the syllabus of the

case above mentioned, but when considered with the complete context of the opinion we find that the debtor assumed the payment of the debt by joining in the application for appointment of a receiver to facilitate its payment, which was an implied promise to pay. In his opinion, Mr. Justice Walling, at page 288, said:

"Furthermore, ignoring the Ohio judgment, the claim was not barred under our own statute, for defendant's express written agreement of 1919 to pay this indebtedness would renew it for six years. Meantime, defendant's answer of December, 1924, to the application for a receiver, admitted this indebtedness as an existing liability, and, to facilitate its payment, joined in the application for a receiver. This admission of record was entirely consistent with and in fact was an implied promise to pay and effective as a renewal. An acknowledgment of the specific indebtedness, consistent with a promise to pay it, operates as a renewal (Maniatakis's Est., 258 Pa. 11; Wells v. Wilson, 140 Pa. 645; Shaeffer v. Hoffman et al., 113 Pa. 1; Palmer v. Gillespie, 95 Pa. 340; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114), for a promise to pay will be implied therefrom. An acknowledgment which shows an intent to pay is sufficient: Senseman v. Hershman, 82 Pa. 83. This large indebtedness, amounting with interest to over $30,000, was the basis for appointment of the receiver and defendant's admission of its validity and consenting to the receivership was consistent with a promise to pay. . . . Again, the conduct of the preferred stockholders on taking over the property disclosed an understanding that this debt was a liability, otherwise an agreement to pay $30,000, in place of the $60,000, would have been ample."

There is no express promise to pay the note in the case at bar. Plaintiff offered the testimony of Elmer Osborne (present plaintiff) in the former trial, as to the amount due on his note, together with the offer of Mr. Fanning, then counsel for the present defendant, when the plaintiff's testimony was offered, and from this testimony and

offer plaintiff contends a promise to pay may be implied sufficient to toll the bar of the statute.

That this acknowledgment of the debt was clear, precise, and indubitable cannot be denied, but the acknowledgment of a debt may still be clear yet be made under such circumstances as to repel the inference of an intention in making it to express a purpose to pay it.

"The circumstances under which an acknowledgment of a debt is made, may repel the inference of an intention in making it to express a purpose to pay it. Thus, no such purpose is inferable from the enumeration of the debt in the petition of the debtor for the benefit of the insolvent law. The whole proceeding is an assertion of inability to pay, and the schedule is furnished under the compulsion of the law, as the only means of obtaining its benefits": Trickett on Limitations 313, §236.

"The admission or acknowledgment operates to toll the statute of limitations only as it justifies the inference of an intention on the debtor's part to pay. This inference may be rebutted by accompanying words or conduct, which is inconsistent with such a purpose. In such a case, however clear the acknowledgment that the debt still subsists, the statute will not be waived": Trickett on Limitations, 311, §235.

". . . and it has ever since been recognized in England, and generally in the United States, that the effect of an admission or acknowledgment is merely that of evidence of a promise implied in fact. And if, taking all the circumstances into account, the admission does not indicate an intention to pay, no liability arises from it": 1 Williston on Contracts 545, §161.

"As the force of an acknowledgment depends in most states upon the inference to be drawn from it of an intention to pay, if there is anything in the surrounding circumstances, even though not in the words of the acknowledgment, tending to negative such an inference or to leave it in doubt, the indebtedness will not be revived. The ad-

mission of a witness that he is indebted, being made under the compulsion of an oath, does not afford any warrant for the implication of a promise": 1 Williston on Contracts 558, §170.

In Angell on Limitations (6th ed.), p.228, we find: "The above construction has ever been tenaciously maintained in Pennsylvania, and has been, if possible, more clearly defined and illustrated. In giving the opinion of the court, in Gleim *v.* Rise, in the Supreme Court of Pennsylvania (6 Watts 44), Huston, J., in reference to the loose construction at one time given to the statute in respect to acknowledgments, observed, that, some twenty years ago, that court began to retrace its steps; and that its latest decisions say, that, in order to take a case out of the operation of the statute, it must be proved that the defendant admitted the debt to be still due; and that if any declaration be made by the party, at the time, inconsistent with a promise to pay, the court is bound to instruct the jury that there is not sufficient evidence from which to infer a new promise."

To toll the bar of the statute of limitations there must be a clear and unequivocal acknowledgment of a debt which must be an admission consistent with a promise to pay.

"The rule deducible from Suter v. Sheeler, 10 Harris 308, and other cases, seems to be, that if the evidence prove a recognition of a debt, or of the instrument or circumstances of indebtedness, accompanied by a promise to pay, or such an acknowledgment as is consistent with a promise to pay when the statute has not run, either will prevent the bar of the statute in an appropriate case": Patton's Exec. v. Hassinger, 69 Pa. 311, 315.

" 'A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise without its having been actually or expressly made. There

must not be uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove hesitation in regard to the debtor's meaning:' Palmer v. Gillespie, 95 Pa. 340." And at p. 118 ". . . *the acknowledgment must be unaccompanied by any conditions or qualifications inconsistent with an absolute promise to pay generally or on demand*" (Italics supplied.) : Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114, 117, 118.

"The time of payment need not be immediate but the intention to pay must be present: Maniatakis' Est., 258 Pa. 11": Thomas v. Sweeney, Executrix, 75 Pa. Superior Ct. 322, 324.

"When a mere acknowledgment of the debt is relied upon, this must be clear, distinct and unequivocal, and must be consistent with, and in such form as to imply 'a promise to pay on demand': Lawson v. McCartney, 104 Pa. 356, 359; it must not be accompanied by qualifying expressions such as render it ambiguous or prevent such an implication from arising: Kensington Bank v. Patton, 14 Pa. 479, 482; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114": McCollum v. McCollum, 86 Pa. Superior Ct. 208, 211.

In Maniatakis' Estate, 258 Pa. 11, Mr. Justice Frazer at page 15 quotes from Senseman et al. v. Hershman et al., 82 Pa. 83, 85, as follows:

" 'To be consistent with a promise to pay the debt, the acknowledgment must be such as indicates an intention to pay the debt existing at the time of the acknowledgment. The time of payment need not be immediate, but the intention to pay must be present. *Hence any language inconsistent with this present intention must be inconsistent with a new promise.* . . . (Italics supplied.) An acknowledgment is less in force than a promise, and hence the necessity of scrutinizing closely the extent of meaning the language of the acknowledgment has' ".

"In order to toll the statute of limitations, there must be no uncertainty either in the acknowledgment or in the

identification of the debt, and the acknowledgment must be plainly referable to the very debt upon which the action is based, and must be consistent with the terms to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time": Cappuccio's Estate, 120 Pa. Superior Ct. 53 (syllabus).

To the same effect is McKelvey v. Ligonier Twp., 128 Pa. Superior Ct. 437, 441.

In Markee v. Reyburn, Admr., 258 Pa. 277, 282, Mr. Justice Frazer said:

"To toll the statute of limitations there must be a clear and unequivocal acknowledgment of the debt and a specification of the amount or a reference to something by which the amount can be definitely ascertained, coupled with an express or implied promise to pay: Ward v. Jack, 172 Pa. 416. These requirements will be strictly enforced: Shaeffer v. Hoffman et al., 113 Pa. 1; Shaffer's Est., 228 Pa. 36."

"The bar of the statute of limitations may be removed if the debtor promises to pay and acknowledges the existence of the debt but, to toll the statute, there must be a clear and unequivocal acknowledgment, coupled with an express or implied promise to pay: Markee v. Reyburn, 258 Pa. 277, 282. The court below found that there was no credible testimony that such promise had been made in this case": Harbaugh's Estate, 320 Pa. 209, 212.

The very words of the offers made in the previous case, in which case defendant was resisting the payment of a note given to the Athens National Bank, do not disclose any intention on the part of defendant to pay the note in issue here. We can find nothing in either offer which convinces us that defendant intended to make an agreement to renew a promise to pay this or any other indebtedness offered. The language, rather, is inconsistent with the making of a new promise to pay. It is impossible to find that the township supervisors by either offer of one of many evidences of debt to show that their predeces-

sors had borrowed beyond their statutory right, without having taken proper action to secure approval of their constituents, intended to pay this promissory note or make any promise to pay it.

The portion of the record offered by plaintiff does not meet the requirements of the citations mentioned above. The acknowledgment of the debt by the testimony of Elmer Osborne is accompanied by conditions expressed in the offer of his testimony and qualifications inconsistent with an absolute promise to pay generally or on demand. The language relied upon must be carefully scrutinized, and a careful scrutiny and examination of the language of the offer belies plaintiff's contention. It implies not a promise to pay, rather, an implication that the township does not have to pay, by reason of the fact that the note acknowledged is one of those debts contracted in violation of the statute, before the Athens National Bank note was given. We cannot conscientiously interpret from this language any implied promise to pay such as that contemplated by the appellate courts in the above line of decisions.

We are of the opinion that the supervisors were without power to toll the bar of the statute in the manner in which plaintiff alleges it was done. While it is true that the alleged acknowledgment was made before the six years had elapsed since the last payment of interest, it is the opinion of this court that it would be necessary for the supervisors to have acted in their official capacity in order to make such an acknowledgment as would toll the bar of the statute, binding upon the township. The pleadings show that the statute of limitations has now conferred upon the taxpayers of Ridgebury Township certain rights and defenses to this note, and in order to deprive them of those legal rights and defenses it is necessary that every requirement of the law applicable to acknowledgments alleged to toll the bar of the statute be fulfilled. All of those requirements have not been met in the instant case.

In the case of Benton, to use, v. Freedom Township Supervisors, 118 Pa. Superior Ct. 229, 230, Mr. Justice Cunningham in his opinion said:

"The only substantial defense interposed at the trial was the bar of the statute of limitations. As the pleadings showed on their face that the statute apparently had run, the use-plaintiff had the burden, from the beginning, of producing evidence from which a jury could properly be permitted to find that its running had been tolled.

"In endeavoring to carry this burden he attempted to show lack of funds at the disposition of the supervisors as the reason for nonpayment; acknowledgment of the debt, both before and subsequent to the expiration of the statutory period of six years, and promises to pay it.

"Burger was, therefore, required, under many familiar decisions, to prove a clear, distinct and unequivocal admission and recognition of this debt—an acknowledgment consistent with such a promise to pay it as would be binding upon the township. Cf. Palmer v. Gillespie, 95 Pa. 340; Werner v. Stein and Greenawalt, 97 Pa. 322; Lawson v. McCartney, 104 Pa. 356.

"His counsel cites and relies upon Shaeffer v. Hoffman et al., 113 Pa. 1, 4 A. 39, and quotes this paragraph from the syllabus: 'To take a case out of the statute of limitations, it is not essentially necessary that the promise be actual or expressed, provided that the other necessary facts are shown. A clear, distinct and unequivocal acknowledgment of the debt, an admission consistent with a promise to pay is sufficient. The law in such a case will imply the promise without its having been actually or expressly made.'

"In that case the Supreme Court was considering an alleged acknowledgment of a debt by an individual; but we are here dealing with asserted admissions and promises claimed to have been made on behalf of, and to be binding upon, a quasi-municipal corporation. . . .

"It is quite clear, in reason and under the authorities, that in order to toll the statute the acknowledgment by a quasi-municipal corporation of an existing debt must take the form of action by the proper board in its official capacity: Union Township v. Gibboney & Nelson, 94 Pa. 534; Somerset Township v. Parson, 105 Pa. 360; Machine Company v. Washington Township, 9 Pa. Superior Ct. 105; Wheeled Scraper Co. v. Butler Township, 24 Pa. Superior Ct. 477; 37 Corpus Juris, 1136, Secs. 613-4."

The making by a quasi-municipal corporation of an acknowledgment intending to toll the bar of a statute is not merely a ministerial duty; it is such action by the proper authorities as requires careful, deliberate thought, accompanied by a resolution spread upon the minutes of a regular meeting, giving due and timely notice to all of the taxpayers of their action.

It is therefore the opinion of this court that the acknowledgment and the testimony relied upon by plaintiff does not establish an acknowledgment consistent with a promise to pay this debt, and, taking into consideration all of the evidence in this case, we do not believe a promise to pay can be implied therefrom.

Having found in the first allegation of error sufficient ground to make it apparent that this court should make absolute the rule for judgment non obstante veredicto, it is unnecessary to decide the other matters raised.

### Order.

And now, to wit, January 31, 1939, rule for judgment non obstante veredicto is made absolute, and judgment is hereby entered for defendant in the above-entitled case, exception noted for plaintiff, and bill sealed.

And now, to wit, January 31, 1939, motion for new trial discharged, exception noted for defendant and bill sealed.